## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE STRICKLER,<br>on behalf of herself and the class<br>members described below, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | |
| BIJORA, INC. doing business as<br>AKIRA | ) ) ) | |
| Defendant, | ) ) | |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

1.       Plaintiff Nicole Strickler brings this action to secure redress from unlawful telemarketing actions by Bijora, Inc., d/b/a Akira. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.       The TCPA restricts the use of automated equipment to dial cellular telephones.

3.       Regulations promulgated under the TCPA ("The Regulations") require entities to respond to requests to be placed on entity-specific do-not-call lists in a timely fashion.

## VENUE AND JURISDICTION

4.       This court has jurisdiction under 28 U.S.C. §§ 1331.

5.       Venue and personal jurisdiction are proper because:

   a.       Defendant's telemarketing communications were received within this District;

   b.       Defendant does or transacts business within this District.

## PARTIES

6.     Plaintiff Nicole Strickler is an individual residing in Mount Prospect, Illinois in the Northern District of Illinois.

7.     Defendant Bijora, Inc., is a corporation organized under Illinois law with its principal place of business located at 1817 West North Avenue, Chicago, IL. It does business in Illinois. Its registered agent and office is Xiaonong E. Wang, 1837 W. North Ave., Ground Floor, Chicago, IL 60622.

8.     Bijora, Inc., is engaged in the business of retail clothing sales, using telemarketing to advertise its products and sales. It does business under the name "Akira".

## FACTS

9.     Beginning on or about Fall 2009 and continuing through the present, Defendant sent text message telemarketing communications ("the texts") to Plaintiff's cellular telephone advertising Defendant's property, goods and services.

10.     A text message constitutes a call for purposes of the TCPA. *Lozano v. Twentieth Century Fox Film Corp.*, 702 F.Supp. 2d 999 (N.D.Ill March 23, 2010); *Abbas v. Selling Source, LLC*, 2009 U.S. Dist. LEXIS 116697 (N.D.Ill. December 14, 2009).

11.     On information and belief, Defendant used and continues to use an automatic telephone dialing system to send the texts.

12.     After receiving several text messages, Plaintiff sent a reply text message to the number from which the telemarketing communications originated requesting that Defendant cease sending the texts to Plaintiff.

13. Defendant continued text-messaging Plaintiff about sales and offers. Despite this request not to be contacted, Defendant continued and continues to send the texts to Plaintiff about its property, goods and services.

14. In October 2010 Plaintiff received the following text messages from Defendant:

    a. "AKIRA2: Spooktacular Blowout Sale this Weekend! Buy 1 Item Get 2nd Item ½ OFF @ any AKIRA location. Promotion valid for the ENTIRE STORE! Friday thru Sunday"

15. In November 2010 Plaintiff received the following text messages from Defendant:

    a. "AKIRA2: Attn:Ladies! TODAY from 5pm-8pm enjoy 20% off all ankle booties & pumps at AKIRA Bucktown Footwear. No Coupon required, just bring your pretty smile"

    b. "AKIRA2: Black Friday Blowout!Going ALL DAY LONG>8am-Noon:30%OFF Entire Store!Noon-6pm-10pm:30%OFF Entire Store!xclsuions may apply."

    c. "AKIRA2: The SALE continues all Weekend Long 11/27-11/28 @ all AKIRA locations: BUY 1 item Get 2nd item ½ OFF! Exclusions may apply. Don't miss out ;)"

16. In December 2010, Plaintiff received the following text messages from Defendant:

    a. "AKIRA2: GOLDEN TICKET 2 AKIRA&TONY MCEY'S NYE Party: $75! 1 wk only. OPENBAR,gourmet food, 8DJS+live band. Party w/ the best crowd! Tix @ AKIRA or shopAKIRA.com"

    b. "AKIRA2: Join AKIRA 4 THE HOTTEST nye PARTY! Enter "LASTCALL" when purchasing tickets online @shopakira.com & pay only $100 per ticket (Save $50). Gen ad only."

17. In January 2011, Plaintiff received the following text messages from defendant:

    a. "AKIRA2: AKIRA Open on New Years Day! Nurse your hangovers with Mimosas and Shopping! BUY 2 GET 1 FREE @ ALL AKIRA LOCATIONS. Some Exclusions may apply."

    b. "AKIRA2: Designer Denim BLOWOUT! 40% off all Diesgner Denim @ Men's & Women's Locations! Perfect time to grab that pair you have been eyeing! THIS WEEKEND ONLY"

18.     In January 2011, Plaintiff again texted the number from which she was receiving the texts, stating, "I hereby revoke authorization and opt out of receiving texts from you or your affiliates."

19.     Despite Plaintiff's second demand that she be put on Defendant's do-not-call list and that the texts cease, Defendant continued and continues to send the texts to Plaintiff.

20.     Defendant did not send a number in their telemarketing messages at which they could be contacted to opt out telemarketing calls.

21.     In February 2011, Plaintiff received the following text messages from Defendant:

   a.   "AKIRA2: Spring Show @ Lyric Opera, Feb 10. Complimnetary cocktail reception, gourmet appetizers + Fashion Show! Limited tickets @ stores/ http://shopakira.com

22.     In March 2011, Plaintiff received the following text messages from Defendant:

   a.   "AKIRA2: Fashion show TONIGHT @ 11pm premiering Christina Yi's "East & West" collection @ Lumen 839 W. Fulton Market. Complimentary cover with this text."
   b.   "AKIRA2: Fashion show tonight at 11p.m. @Lumen 839 W. Fulton Market. Complimentary admission with this text!"

   c.   AKIRA2: Only for our mobile club customers! Show this text at ANY Akira location today and receive 20% off your ENTIRE purchase! Today only on non-sale items.

23.     In April 2011, Plaintiff received the following texts from Defendant:

   a.   "AKIRA 2:  Non-mall AKIRA Open Easter! Show text forexclusive Buy 1 Get 2nd 1/2 OFF ENTIRE STORE! Text Special is only valid Sunday 4/24! Toms shoes excluded"

   b.   "AKIRA2: Non-mall AKIRA Exclusive Easter Blowout Sale! Buy 1 Get 2nd ½ OFF ENTRE STORE! Text Special today Only. Toms shoes excluded."

   c.   "AKIRA2: Akira AndersonvilleGrand Opening party Tomorrow, 5/1, 4-8 PM! 50's theme,live DJ, free food, free drinks! 20% off ENTIRE store ALL day. 5228 N. Clark"

24.     Defendant did not respond to Plaintiff's demands to be put on Defendant's entity-specific do-not-call list at the number provided by Defendant's caller ID.

25.     Defendant did not provide an alternative number at which to contact Defendant to be placed on such a list.

26.     On information and belief, Defendant does not maintain an entity-specific do-not-call-list or proper procedures for ensuring the individuals are added to it upon request.

27.     On information and belief, Defendant does not communicate a number at which to contact them to discontinue telemarketing calls in their text message telemarketing.

28.     There is no reasonable means for Plaintiff or other recipients of the texts to discontinue receiving them. Cellular telephones must be left on and ready to receive the urgent communications authorized by their owners.

29.     The "opt out notice" required by the TCPA even when messages are sent with consent or pursuant to an established business relationship was not provided in the texts.

## COUNT I – TCPA – CLASS CLAIM

30.     Plaintiff incorporates paragraphs 1-29.

31.     The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**... (b) Restrictions on use of automated telephone equipment.**

 **(1) Prohibitions.  It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-**

        **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-**

            **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other**

**radio common carrier service, or any service for which the called party is charged for the call; ...**

32.     The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of the court of a State, bring in an appropriate court of that State-**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)  both such actions.**

**If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

33.     Defendant violated the TCPA by placing automated calls to Plaintiff's cellular telephone.

34.     Defendant violated the TCPA even if its actions were only negligent.

35.     Defendant willfully and knowingly sent the texts to Plaintiff.

36.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

37.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872)  (b) who, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant, (d) where defendant's records do not show that the

person provided the number expressly consented to the receipt of automated calls on a cellular telephone, (e) to whom defendant did not provide an opt out option, and (f) who attempted to get onto Defendant's entity-specific do not call list.

38.     The class is so numerous that joinder of all members is impractical.

39.     Plaintiff alleges on information and belief that there are more than 40 members of the class.

40.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.   The predominant common questions include:

      a.   Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

      b.   Whether defendant thereby violated the TCPA.

41.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practice.  Neither plaintiff nor plaintiff's counsel have any interests which might case them not to vigorously pursue this action.

42.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

43.     Several courts have certified class actions under the TCPA. *Sadowski v. Med1 Online*, LLC, 2008 U.S. Dist. Lexis 41766 (N.D.Ill., May 27, 2008); *Hinman, Inc. v. Omnipack Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd. v. Websolv*, 03 CH 15615 (Cir. Ct. Cook

Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 2004 WL 310679 (Cook Co. Cir. Ct. Oct. 19, 2004).

44.     Management of this class action is likely to present significantly fewer difficulties than those presented by many other class actions, such as those for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Defendant for:

> (1)     Statutory damages;
>
> (2)     Treble damages as allowed for willful and knowing violations of the TCPA;
>
> (3)     An injunction against further violations;
>
> (4)     Costs of suit;
>
> (5)     Such other or further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF THE REGULATIONS PROMULGATED UNDER THE TCPA

45.     Plaintiff incorporates paragraphs 1-29.

46.     The TCPA, 47 U.S.C. §227, provides:

**§ 227.  Restrictions on use of telephone equipment**

**... (b)  Restrictions on use of automated telephone equipment.**

> **...     (2) REGULATIONS; EXEMPTIONS AND OTHER PROVISIONS.- The commission shall prescribe regulations to implement the requirements of this subsection.**

47.     The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of the court of a State, bring in an appropriate court of that State-**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

48.     The Regulations, 47 C.F.R. § 64.1200(d)(3), provide:

**...persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.**

49.     Defendant did not honor Plaintiff's request to be placed on Defendant's do-not-call list.

50.     On information and belief, Defendant does not maintain the required entity-specific do-not-call list.

51.     Defendant violated the Regulations even if its actions were only negligent.

52.     Defendant willfully and knowingly failed to create the required do-not call list.

53.     As a result of failing to create the entity-specific do-not-call list, Defendant willfully and knowingly failed to place Plaintiff on its do-not-call list.

54.     Defendant should be enjoined from continuing to flout regulatory do-not-call list requirements.

## CLASS ALLEGATIONS

55.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois area codes (217, 224, 309, 312, 331, 464,

618, 630, 708, 773, 779, 815, 847, or 872)  (b) who, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant, (d) to whom defendant did not provide an opt out option, and (e) who attempted to get onto Defendant's entity-specific do not call list.

56.     The class is so numerous that joinder of all members is impractical.

57.     Plaintiff alleges on information and belief that there are more than 40 members of the class.

58.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.   The predominant common questions include:

    a.   Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;
    b.   The information defendant provided with such calls, including opt-out numbers;
    c.   Whether the defendant failed to maintain an entity-specific do not call list in the manner prescribed by law;
    d.   Whether defendant thereby violated the TCPA.

59.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practice.  Neither plaintiff nor plaintiff's counsel have any interests which might case them not to vigorously pursue this action.

60.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

61.     Several courts have certified class actions under the TCPA. *Sadowski v. Med1 Online*, LLC, 07 C 2973, 2008 U.S. Dist. Lexis 41766 (N.D.Ill., May 27, 2008); *Hinman, Inc. v. Omnipack Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd. v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 310679 (Cook Co. Cir. Ct. Oct. 19, 2004).

62.     Management of this class action is likely to present significantly fewer difficulties than those presented by many other class actions, such as those for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Defendant for:

(1)     Statutory damages;

(2)     Treble damages as allowed for willful and knowing violations of the TCPA;

(3)     An injunction against further violations;

(4)     Costs of suit;

Such other or further relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED**

NICOLE STRICKLER

By: /s/ Joseph S. Messer
Attorney for Plaintiff
Joseph S. Messer
Messer & Stilp, Ltd.
166 W. Washington, Suite 300
Chicago, Illinois 60602
(312) 334-3476
Messer@messerstilp.com
Attorney No. 6200036