IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE STRICKLER, ) | |
| on behalf of herself and the class ) | |
| members described below, ) | Case No.: 1:11-cv-03468 |
| ) | |
| Plaintiff, ) | Judge: Hon. Charles Norgle |
| ) | |
| vs. ) | Magistrate Judge: Hon. Jeffrey Cole |
| ) | |
| BIJORA, INC. doing business as ) | |
| AKIRA ) | |
| ) | |
| Defendant, ) | |

**PLAINTIFF'S MOTION FOR CLASS CERITIFCATION**

Plaintiff, by her attorney, Messer & Stilp, Ltd., a professional corporation, respectfully moves this Court to enter an Order for class certification pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks to represent the following class:

> All persons with Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action, received automated calls from Defendant, where Defendant's records do not show that the who person provided the number expressly consented to the receipt of automated calls on a cellular telephone, to whom Defendant did not provide an opt-out option, and who attempted to get onto Defendant's entity-specific do-not-call list.

In support of this motion, Plaintiff states as follows:

1. Plaintiff alleges, among other things, that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), by using an automated dialer to place numerous calls to cellular phones. Specifically, Defendant sent repeated marketing text messages to Plaintiff that did not provide the requisite opt-out option.

These text messages were not specifically directed at Plaintiff individually, but were instead clearly designed for public consumption. Consequently, Defendant's TCPA violation was not only committed against Plaintiff, but against possibly hundreds of consumers like her. Class treatment is therefore appropriate.

2. A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, on information and belief – given the length of the class eligibility period (four years), the advertising methods of defendant (automatic dialing of cellular telephones), the contents of those messages (announcements obviously intended for the general public), and the failure to provide the required opt-out options – there are more than 40 class members. The exact number of class members will be determined in the course of discovery, however individual joinder of absent class members is impracticable. Plaintiff requests a briefing schedule long enough to allow for the discovery of this information.

3. There are questions of law and fact common to all class members, which predominate over any questions affecting only individual class members. Fed. R. Civ. P. 23(a)(2) and 23(b)(3). The common questions binding all class members are: (1) whether Defendant's conduct violated the TCPA; and (2) whether Defendant's conduct violated the Regulations promulgated pursuant to the TCPA

4. The claims brought by Plaintiff are typical of the claims held by class members. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendant's autodialing marketing campaign.

5. Plaintiff will fairly and adequately represent the class members. Fed. R. Civ. P. 23(a)(4). Plaintiff has no interests that conflict with the interests of class members and has retained experienced counsel.

6. Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute, the TCPA. Common fact issues also predominate.

7. Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Here, certifying the class is a superior way to adjudicate Plaintiff's claims because: (a) consumers are unlikely to recognize the violations alleged in this action and pursue relief on their own; and (b) consumers who bring identical claims on identical facts would cause the judiciary undue expense and effort in resolving the claims and could lead to inconsistent results.

WHEREFORE, because all requirements have been met, Plaintiff respectfully requests that the Court certify the class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), appoint Plaintiff as class representative, and appoint Plaintiff's attorneys as class counsel.

NICOLE STRICKLER,

By:/s/ Joseph S. Messer
Attorney for Plaintiff
Joseph S. Messer
Messer & Stilp, Ltd.
166 W. Washington, Suite 300
Chicago, Illinois 60602
(312) 334-3476
Messer@messerstilp.com
Attorney No. 6200036

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2011, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

James Kenneth Borcia
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606-6308
(312) 627-4000
Email: jborcia@tresslerllp.com

                                                            By:/s/ Joseph S. Messer
Attorney for Plaintiff
Joseph S. Messer
Messer & Stilp, Ltd.
166 W. Washington, Suite 300
Chicago, Illinois 60602
(312) 334-3476
Messer@messerstilp.com
Attorney No. 6200036

4