DOY/362505　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　10015-1-51

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NICOLE STRICKLER, on behalf of herself and the class members described below, ) ) ) Plaintiff, ) ) v. ) ) BIJORA, INC., doing business as AKIRA, ) ) Defendant. ) | Case No. 11 CV 3468  Judge Norgle |

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendant, Bijora, Inc. ("Bijora"), by and through its attorneys, Tressler LLP, hereby submits its Response to Plaintiff's Motion for Class Certification.

### I.   PROCEDURAL HISTORY

On May 24, 2011, Plaintiff filed this lawsuit. (Doc. 1). On July 15, 2011, Defendant filed its Answer to Plaintiff's Complaint denying all of Plaintiff's material allegations. (Doc. 11).

On July 19, 2011, Plaintiff filed a Motion for Class Certification. (Doc. 15). The Motion was noticed and presented on July 22, 2011 before there was even an initial status hearing in this case. At the July 19 hearing, Bijora indicated a desire to take class discovery and requested a briefing schedule long enough to allow it to take class discovery in order to respond to the motion. The Court did not allow Bijora to take discovery in order to respond to the motion and instead entered an order giving Bijora 21 days to respond to Plaintiff's motion and Plaintiff 14 days to reply. (Doc. 17).

## II. ARGUMENT

### A. Standards For Certifying A Class

The class action device is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982). A class may be certified "only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). If these four elements (numerosity, commonality, typicality, and adequacy) are satisfied, the plaintiff must also demonstrate that the proposed class qualifies under at least one of the three subsections of Rule 23(b). *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 391 (N.D. Ill. 2006).[1]

Plaintiff bears the burden of showing that the proposed class meets all of the requirements for certification. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Mere repetition of the language of Rule 23(a) is not sufficient for a plaintiff to meet her burden. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). A court may approve a class action only after conducting a "rigorous analysis" to ensure compliance with Rule 23. *General Telephone*, 457 U.S. at 161. The court must "probe behind the pleadings" in deciding whether Plaintiff has met her burden. The court cannot assume the allegations of the complaint are true; rather, the evidence presented must show that the factual and legal requirements for class certification have been met. *Szabo v. Bridgeport Machines,*

---

[1] Here, Plaintiff seeks certification under Rule 23(b)(3), which permits class actions where "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and…a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

2

*Inc.*, 249 F.3d 672, 677 (7th Cir. 2001); *Grenenbaher v. Centurytel Fiber Co. II*, 244 F.R.D. 485 (C.D. Ill. 2007). The court may refer to any matters of fact or law presented by the record, including the pleadings, depositions, affidavits and any evidence that may have been adduced at hearings. *Rhodes v. Cracker Barrel Old Country Store, Inc.*, 213 F.R.D. 619 (N.D. Ga. 2003). Inquiry into the substantive nature of proof as to facts in issue is often required to determine the propriety of class certification. *Haskins v. Montgomery Ward & Co., Inc.*, 73 F.R.D. 499, 502 (S.D. Tex. 1977). That is because a court needs to evaluate what proof must be made as to the respective claims and defenses asserted to determine whether common or individual issues predominate and whether conducting the trial as a class action would be efficient and fair. *Id.* This evaluation is critical to the court's fulfillment of its duty to conduct a "rigorous analysis" of whether the certification requirements are satisfied. *General Telephone*, 457 U.S. at 161; *Szabo*, 249 F.3d at 677 (reversing certification where trial court accepted plaintiff's allegations as true and refused to review the evidence proffered).

**B.    Plaintiff Provides No Support For Her Motion**

"A motion for class certification should be accompanied by a supporting brief or memoranda and by one or more affidavits or declarations." *Moore's Federal Practice 3D* § 28.82[1]. Here, Plaintiff's motion is not accompanied with any supporting brief or any affidavits. In fact, Plaintiff submits no evidence whatsoever in support of her motion. Instead, Plaintiff makes conclusory allegations, many of which are based on information and belief. (*See, e.g.,* Motion at ¶ 2).

In *Butler v. Illinois Bell Telephone Company*, 2008 U.S.Dist. LEXIS 11901, *13, 14 (N.D.Ill.), certification was denied because plaintiff's counsel did not submit an affidavit setting forth his qualifications as an adequate class representative, plaintiff's motion contained

3

no support or argument, and plaintiff did not submit a memorandum supporting her motion. *Butler* at *14-15. These are the exact same circumstances that exist in this case. Here, Plaintiff has also failed to provide any supporting evidence, affidavits or memorandum. Therefore, the motion on its face must be denied.

Plaintiff's motion is only three pages long. Plaintiff's argument consists of perfunctory and conclusory arguments that do not come close to meeting her burden to establish the elements necessary to establish that this matter should proceed as a class action. This Court cannot possibly conduct the requisite "rigorous analysis" because Plaintiff has failed to provide the Court with the necessary evidentiary support to do so.

C.  **Plaintiff Has Failed To Meet Her Burden Under Rule 23(a)**

    1.  **Plaintiff Has Failed to Establish Numerosity**

If a plaintiff fails to present information to form a sufficient basis for numerosity, the motion for class certification must be denied. A finding of numerosity cannot be based on conclusory allegations that joinder is impracticable or speculation about the size of the class. *Marcial v. Coronet Ins., Co.*, 880 F.2d 954, 957 (7th Cir. 1989). This is exactly what Plaintiff is attempting to do here.

Plaintiff's claim of numerosity is based on speculation and has no evidentiary support whatsoever. Plaintiff speculates that given the length of the class period and Bijora's advertising methods that there are more than 40 class members. Tellingly, Plaintiff goes on to argue that "there are more than 40 class members" but that the number of class members "will be determined in the course of discovery". (Motion at ¶ 2). Conceding her motion is premature, Plaintiff then "requests a briefing schedule long enough to allow for the discovery of this information". (*Id.*). This woefully fails to establish numerosity. In order to establish numerosity, some evidence of the number of class members must be shown. *Herman v.*

4

*Central States Southeast & Southwest Areas Pension Fund*, 2003 U.S. Dist. LEXIS 12299, *7 (N.D.Ill.). Mere speculation does not suffice. *Id. See also Butler*, 2008 U.S. Dist. LEXIS, *13, *quoting Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) ("a finding of numerosity cannot be based on conclusory allegations that joinder is impracticable or speculation about the size of the class").

### 2. Plaintiff Has Failed to Establish Commonality

A common question is one that can be resolved for each class member in a single hearing. *Levitt v. Fax.com*, 2007 U.S. Dist. LEXIS 83143, *4-7 (D.Md.). However, commonality is not met where its resolution turns on a consideration of the individual circumstances of each class member. *Id.*

Plaintiff has also failed to establish commonality. Plaintiff argues that there are two common questions of law and fact present here: (1) whether Defendant's conduct violated the TCPA; and (2) whether Defendant's conduct violated the TCPA's regulations. This is in essence one issue. However, Plaintiff has failed to provide any evidence to support these speculative and conclusory assertions. Plaintiff also fails to establish any specificity to what particular aspects of the TCPA regulations are common between the purported class members. Moreover, Plaintiff fails to provide any evidence that such common issues exist between class members. Speculative and unsupported assertions of commonality do not suffice to support a motion for class certification. *Reap v. Cont'l Cas. Co.*, 199 F.R.D. 536, 544 (D. N.J. 2001) (a "plaintiff is required to produce evidence, usually in the form of affidavits, statistical evidence, tending to show that the individual claims share questions of fact or law with the class claims").

### 3. **Plaintiff Has Failed to Establish Typicality**

Plaintiff has also failed to establish typicality. The need for a case by case determination of a material issue for each class member's claim also denotes that the claims of the class representative are not "typical" of the claims of the individual class members. *Levitt*, 2007 U.S. Dist. LEXIS 83143, *7.

Plaintiff concludes that its claims against Bijora are typical of the claims held by members of the class because all arise from Bijora's alleged autodialing marketing campaign. Once again, Plaintiff's citation to boilerplate language does not satisfy its burden. Plaintiff fails to submit any evidence to support that its claim is typical to those of other class members. Consequently, Plaintiff has failed to establish typicality. *Reap*, 199 F.R.D. at 544 (a plaintiff must produce evidence that its claims are "typical of those brought for the class" in order to meet her burden); *Blank v. Jacobs*, 2009 U.S. Dist. LEXIS 91605, *15-16 (E.D.N.Y.) (denying certification where plaintiff "fails to present any evidence of typicality through "affidavits, documents, or testimony.").

### 4. **Plaintiff Has Failed To Establish Adequacy**

Plaintiff has also failed to establish adequacy. A proposed named plaintiff must fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). One of the criteria for adequacy of representation is the "zeal and competence of the counsel and party who wish to prosecute the action." *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). In deciding whether a plaintiff is an adequate class representative, "a court must in the broadest sense be satisfied that the fiduciary duties and responsibilities of the class representative and class counsel will be conscientiously, fairly, and justly discharged in order to protect the interests of the class." *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich.

1994). Here Plaintiff has not demonstrated her willingness to vigorously prosecute the class claims.

In support of her claim that she is an adequate representative, Plaintiff merely concludes that she has no interests that conflict with the interests of class members. However, this conclusory and unsupported assertion does not establish that she is an adequate class representative. Plaintiff provides no evidence that she has the knowledge, expertise or wherewithal to fairly and adequately protect their interests or the interests of any other person.

Certification also requires a showing by the named plaintiff that she has the capacity and willingness to bear the expenses of the class action. *Darvin v. International Harvestor Co.*, 610 F.Supp. 255, 257 (S.D.N.Y. 1985). Plaintiff has submitted no evidence of her ability or willingness to bear the costs of this action. Plaintiff merely states that she would adequately represent the class because she has no interests that conflict with the interests of the class. However, there is no proof of Plaintiff's financial ability to represent the class.

With regard to the Plaintiff's attorneys, the purported class attorneys must be shown to be qualified, experienced and generally able to conduct the proposed litigation. *Walsh v. Pittsburgh Press Co.*, 160 F.R.D. 527 (W.D. Pa. 1994). In order to certify a class, the Court must be convinced of the experience, competency and qualifications of plaintiff's attorneys. *Id.*; *Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 371 N.E.2d 634 (1977).

Here, there is no evidence that Plaintiff's attorneys are sufficiently qualified, experienced or able to conduct the proposed class action litigation. In fact, in her motion Plaintiff merely concludes that she "has retained experienced counsel." (Motion at ¶ 5). However, there is no support whatsoever provided for this conclusory assertion.

7

### D. Plaintiff Has Also Failed To Satisfy Rule 23(b)

To qualify for certification under Rule 23(b)(3), a class plaintiff must meet two additional requirements beyond Rule 23(a)'s prerequisites: (1) common questions must predominate over any questions affecting only individual members; and (2) class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). Here Plaintiff also fails to satisfy this requirement.

#### 1. Plaintiff Has Failed To Establish Predominance

Plaintiff has failed to meet its burden of showing that common issues predominate here. In seeking class certification, Plaintiff has the burden of demonstrating that, as required by Rule 23(b)(3), "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Id.* The requirements of Rule 23(b)(3) are more demanding than those of Rule 23(a). *Gene and Gene*, 541 F.3d at 325. The predominance inquiry requires a court to consider "how a trial on the merits would be conducted if a class were certified." *Id.* at 326. This necessarily requires an examination of the underlying elements necessary to establish liability for plaintiff's claims. *Id.* If, to make a *prima facie* showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. *Id.* To determine whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings. *Id.* In proving that Rule 23's requirements are satisfied, a plaintiff must make a showing "of basic facts" and "[m]ere repetition of the language of the Rule is inadequate." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977). The requirement of Rule 23(b)(3) that common questions predominate over individual questions "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The

8

predominance inquiry requires a court to consider "how a trial on the merits would be conducted if a class were certified." *Gene and Gene*, 541 F.3d at 325; *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003). This, in turn, "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." *Id.* The predominance requirement of Rule 23(b)(3), though redolent of the commonality requirement of Rule 23(a), is "far more demanding" because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623-24.

Plaintiff has failed to meet its burden of showing that common issues will predominate in this case. In fact, Plaintiff provides no evidence or analysis whatsoever on this issue that would allow the Court to determine if this element could be met.

### 2. Plaintiff Has Failed to Meet The Superiority Requirement

Plaintiff has also failed to establish superiority. Rule 23(b)(3) provides several non-exclusive factors to consider in the superiority inquiry:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

These factors however are "non-exclusive," and as part of its rigorous analysis "the court has discretion to consider other factors" when making a superiority determination. *Vasquez-Torres v. StubHub*, 2008 U.S.Dist. LEXIS 22503 (C.D.Cal.). The superiority requirement clearly militates against class certification where the potential adverse consequences – procedural unfairness and undesirable results – outweigh perceived benefits. Class treatment is not a

9

superior means of resolving a dispute where as here individual inquires are needed on a material issue. *See Levitt*, 2007 U.S. Dist. LEXIS 83143, * 7-12.

Plaintiff concludes that a class action here is superior because consumers are unlikely to recognize the alleged violations, and consumers who bring similar claims would cause undue expense to the judiciary and efforts could lead to inconsistent results. However, these boilerplate, conclusory and unsupported arguments fail to satisfy Plaintiff's burden to establish superiority.

### E.    Discovery Should Be Allowed Prior to Certification

In the unlikely event the Court is inclined to grant Plaintiff's motion, Bijora renews its request for discovery in order to respond to Plaintiff's conclusory and unsupported assertions. Prior to certification of a class, it is proper for a court to allow discovery before determining whether the prerequisites of Rule 23 are satisfied. *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2nd Cir. 1982). "A district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of numerosity, typicality, commonality of question, and adequacy of representation have been met." *Id.* Certification must be based on something more than the pleadings. *Id.* Therefore, if this Court is inclined to grant Plaintiff's motion, the Court should first permit Bijora the right to take discovery on the class issues before it certifies a class in this case.

### F.    An Evidentiary Hearing Should Be Conducted Prior to Certification

Finally, prior to certifying a class the Court should conduct an evidentiary hearing. While an evidentiary hearing is not always required, district courts should ordinarily conduct an evidentiary hearing on this question. *Merill v. Southern Methodist University*, 806 F.2d 600, 608 (5th Cir. 1986). No evidentiary hearing is necessary here because Plaintiff has failed

to meet her burden to establish that a class should be certified. However, if this Court is inclined to grant Plaintiff's motion, this Court should first allow Bijora the right to an evidentiary hearing.

### III. CONCLUSION

WHEREFORE, Defendant, Bijora, Inc., respectfully requests that this Court deny Plaintiff's Motion for Class Certification.

BIJORA, INC.

By: /s/James K. Borcia
One of Its Attorneys

James K. Borcia
David O. Yuen
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000