IN THE UNITED STATES DISCTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE STRICKLER, | ) | |
| on behalf of herself and the class | ) | |
| members described below, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11 CV 03468 |
| | ) | |
| v. | ) | |
| | ) | Judge Norgle |
| BIJORA, INC. doing business as AKIRA | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY AND MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Plaintiff, Nicole Strickler ("Plaintiff"), individually and on behalf of others similarly situated, by and through her attorneys, Messer & Stilp, Ltd., hereby submits her Reply and Memorandum in Support of her Motion for Class Certification:

**PROCEDURAL HISTORY**

Plaintiff filed her lawsuit on May 24, 2011. Defendant filed its Answer on July 15, 2011. On July 19, 2011, Plaintiff filed a basic Motion for Class Certification. On the court date of July 22, 2011, Plaintiff requested time to conduct class discovery in order to obtain the evidence ensuring that a class action is the superior method to litigate this instant matter. Defense counsel also made the same request. Instead of entering and continuing the motion and allowing class discovery, however, the Court entered a briefing schedule on Plaintiff's motion. Without the opportunity of class discovery, Plaintiff files this Reply, which explains why class certification is appropriate in this case.

## FACTUAL BACKGROUND

Plaintiff brought this action against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"). Beginning on or about Fall 2009 and continuing to the present, Defendant sent text message telemarketing communications (the "Texts") to Plaintiff's cellular telephone. These texts advertised Defendant's property, goods and services at Defendant's chain of stores.

Given the automated procedures utilized by large companies such as Defendant when communicating electronically with consumers, Plaintiff reasonably believes that the Texts were sent in a standardized fashion in mass quantities. Consequently, Plaintiff alleges there is a class of people who received unsolicited marketing texts from Defendant. In Plaintiff's Motion to File an Amended Complaint, Plaintiff defines that class as follows:

> All persons with Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action, received automated texts from Defendant. These persons include the following subclasses:
>
> (a) persons who received the texts without first giving express consent;
> (b) persons who received texts that did not contain an opt-out options; or
> (c) persons who received the texts and subsequently attempted to get onto an entity-specific do-not-call list.

Plaintiff requests that this Court allow her to represent the class of all similarly-situated persons having cellular phones numbers containing Illinois area codes who have received marketing text messages from Defendant.

**ARGUMENT**

**This Case Should Proceed as a Class Action Because Plaintiff Has Satisfied the Requirements of Rule 23**

Defendant's Response relies on cases decided outside of Illinois and the Seventh Circuit. Defendant fails to recognize the district courts in the Seventh Circuit have repeatedly, and correctly, held that class action certification of TCPA claims is appropriate. (*See Paldo Sign and Display Co. v. Topsail Sportswear, Inc.*, 2010 U.S. Dist. LEXIS 125842 (N.D. Ill. 2010)(Kennelly, J.); *Garrett v. Ragle Dental Laboratory, Inc., et al*, 2010 U.S. Dist. LEXIS 108339 (N.D. Ill. 2010)(Bucklo, J.); *Clearbrook v. Rooflifters, LLC, et al,* 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. 2010)(Cox, J.); *CE Design v. Beaty Construction, Inc.,* 2009 U.S. Dist. LEXIS 5842 (N.D. Ill. 2009)(Hibbler, J.); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.,* 2008 U.S. Dist. LEXIS 79827 (N.D.Ill. 2008)(Kocoras, J.)). Furthermore, class action is an "ingenious device for economizing on the expense of litigation and enabling small claims to be litigated" together. *Thorogood v. Sears, Roebuck & Co.,* 547 F.3d 742, 744 (7th Cir. 2008).

Class certification is appropriate when the elements of Rule 23(a) and one of the elements of Rule 23(b) of the Federal Rules of Civil Procedure have been satisfied. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 613-614, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Under Rule 23(a), a class may be certified if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Fed. R. Civ. P. 23(a).* When these four elements have been met, Rule 23(b)(3) specifies that a class can be certified if the

3

common factual or legal questions predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Fed. R. Civ. P. 23(b)(3).* Here, because Plaintiff can meet all necessary elements of Rules 23(a) and 23(b)(3), Plaintiff's Motion for Class Certification should be granted.

### 1. Numerosity is Shown.

To satisfy the numerosity requirement, the number of putative class members must be sufficiently large to make joinder of all members impracticable. *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998). Although there is no bright line test for numerosity, "a class of 40 is generally sufficient." *McCabe v. Crawford & Co.*, 2010 F.R.D. 631, 643 (N.D. Ill. 2002). Additionally, a "good faith estimate" of the number of potential class members is sufficient to establish numerosity where the class members are not readily ascertainable. *CE Design,* 2009 U.S. Dist. LEXIS 5842 at *7. Courts have also found numerosity based on "common sense" in TCPA cases when exact information regarding class size is not available. *Sadowski v. Med1Online LLC*, 2008 U.S. Dist. LEXIS 41766 at *8 (N.D. Ill. 2008)(court used common sense to infer that a good number of unsolicited faxes were received by Illinois residents, amounting to class numerosity).

Here, numerosity is satisfied by using both common sense and a good faith estimate. According to Defendant's website, Defendant operates fourteen stores throughout the Chicagoland area.[1] It would be nonsensical to presume that Defendant sent its marketing Texts, which contained messages such as "Designer Denim BLOWOUT! 40% off all Designer Denim @ Men's & Women's Locations! Perfect time

---

[1] http://www.shopakira.com/loctn/

4

to grab that pair you have been eyeing! THIS WEEKEND ONLY," to only Plaintiff's cellular phone. Instead, common sense dictates that Defendant is using its Texts in a mass marketing campaign to reach the hundreds, if not thousands, of consumers who it seeks to attract to its stores. It is both "common sense" and certainly a "good faith estimate" to conclude that these Texts have reached more than 40 people with Illinois cell phone numbers. Thus, numerosity has been shown.

**2. There are Questions of Law and Fact Common to the Class.**

The requirement of Rule 23(a)(2) is satisfied by showing a common nucleus of operative fact. *Keele*, 149 F.3d at 594. Common nuclei of fact exist when "the defendants have engaged in standardized conduct towards members of the proposed class." *Id.* When a defendant is engaged in standardized conduct towards the class, the presence of a few individualized issues will not overshadow the common nucleus between class members. *Chandler v. Southwest Jeep-Eagle*, 162 F.R.D. 302, 308 (N.D. Ill. 1995).

Here, the putative class members' claims unquestionably arise out of the same common nucleus of operative fact: Defendant sends marketing text messages to Illinois cellular phone numbers. Defendant's marketing practice constitutes a "standardized course of conduct." *See G.M. Sign, Inc. v. Brink's Mfg. Co.*, 2011 U.S. Dist. LEXIS 7084 at *16 (N.D. Ill. 2011)(finding that sending mass amounts of advertising faxes to businesses constituted a "standardized course of conduct," establishing commonality). Because of Defendant's standardized conduct, each class member received identical texts, which means the analysis with respect to all class members claims would be the same. The commonality requirement is satisfied because the issue of whether identical

5

texts violated the TCPA and its regulations is common to all class members. Because there are common issues of law and fact, the commonality requirement of Rule 23(a)(2) is satisfied.

### 3. The Claims of the Representative Plaintiff Are Typical of the Claims of All Class Members

Rule 23(a)(3) requires that "the claim or defenses of the representative party be typical of the claims or defenses of the class." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009)(quoting *Williams v. Chartwell Fin. Servx., Ltd.,* 204 F.3d 748, 760 (7th Cir. 2000)). The proposed class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and [their] claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). The "typicality" requirement directs the district court to focus on whether the named representative's claim has the same essential characteristics as the claims of the class at large. *Id.* In the context of the TCPA, courts have found that a plaintiff has satisfied the typicality requirement when the defendant has sent identical or similar advertisements in a comparable manner to recipients who formed the proposed class. *G.M. Sign, Inc.*, 2011 U.S. Dist. LEXIS 7084 at *17.

In the instant case, there is no doubt that Plaintiff's claim is typical of the putative class members. Like the plaintiff in *G.M. Sign,* Plaintiff has alleged that advertisements were sent by Defendant in the same manner to all putative class members. Plaintiff's TCPA claim arises from those Text messages, which is the basis for the potential class

6

members' TCPA claims. Typicality has been established because each class member's claims will share essential characteristics.

### 4. Plaintiff Will Fairly and Adequately Protect the Interests of the Class

Rule 23(a)(4) requires the named plaintiff to fairly and adequately protect the interests of the class. This requirement consists of two components: (1) adequacy of the named plaintiff to represent and protect the interests of absent class members, and (2) adequacy of class counsel. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). The class representative is considered adequate if it has the same interests and has incurred the same legal injury as the potential class members. *Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, 309 F.3d 978, 985 (7th Cir. 2002).

Here, Plaintiff has the same interests as the putative class members because all members were sent the same marketing texts and each is entitled to the same legal relief under the TCPA. Plaintiff's interests are not antagonistic to the class' interests because Plaintiff has claims that are identical to the claims of the proposed class. Furthermore, the Plaintiff herself is a highly educated attorney who has substantial experience in litigating cases brought under the TCPA. Plaintiff has attended multiple seminars covering the TCPA and has given multiple presentations regarding TCPA liability and compliance to trade organizations. The qualifications of Plaintiff to serve as a class representative are specified in Exhibit A.

Rule 23(g) establishes four factors that a court must consider when determining the adequacy of counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other

complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *Fed. R. Civ. P. 23(g)*. Here, Plaintiff's attorney is experienced in litigating class actions, particularly those involving consumer protection statutes such as the TCPA. The qualifications of Plaintiff's attorney are detailed in Exhibit B. The requirements of Rule 23(a)(4) are satisfied because Plaintiff has established the adequacy of her counsel.

### 5. This Action is Properly Maintained as a Rule 23(b)(3) Class Action

Plaintiff seeks certification of a Rule 23(b)(3) class, which requires the Court to find "questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Fed. R. Civ. P. 23(b)(3)*. The predominance requirement is in fact more demanding that the commonality requirements under Rule 23(a). *Amchem Products,* 521 U.S. at 623. The Court must determine whether the shared attributes of the plaintiff's claims will be the main focus of the litigation so that only one adjudication of the claims is justified. *Id.*

The Northern District of Illinois has found that TCPA cases can easily satisfy the predominance requirement. *CE Design*, 2009 U.S. Dist. LEXIS 5842 at *24. In *CE Design*, the plaintiff's TCPA claims were based on defendant sending out unsolicited "junk faxes" to a class of businesses. *Id.* at *1. The defendant argued that common issues did not predominate over the proposed class because there were pivotal issues concerning consent and receipt of the faxes. *Id.* at *23. Thus, the defendant argued that an individualized inquiry was necessary before a class could or should be certified. *Id.*

8

The Northern District of Illinois rejected defendant's argument, concluding that individualized inquiries were not necessary for determining the appropriateness of class action because the common issue, which was whether the plaintiffs received unsolicited faxes, was the singular question that predominated over all else. *Id.* at *25. The court also took note that the plaintiff and class member's claims fell within the purview of the same federal statute and arose from the same alleged conduct. *Id.* at *26.

Here, Plaintiff and the putative class' claims contain common issues that predominate over any potential individualized claims. Like the plaintiff in *CE Design*, the common question here is whether the class members received marketing texts in violation of the TCPA. Because common questions are the core issues in this case and the legal injuries of the class arise from the same conduct of Defendant and fall within the purview of the same federal statute, Plaintiff's claims fit squarely into Rule 23(b)(3).

Additionally, a class action is the superior method of litigating this matter because: (1) it is unlikely that consumers who received Defendant's marketing Texts are aware of their rights under the TCPA, and thus, a class action insures that all members' rights are protected; (2) the statutory maximum recovery under the TCPA is relatively small, and thus the interest of the class members in prosecuting their claims on an individual basis is small; (3) there is no other litigation already commenced concerning this controversy by or against the members of the class; and (4) the principles of judicial economy and efficiency favor trying the legality of the text messages in one case, rather than forcing each consumer who received Defendant's marketing Texts to litigate his or her claim individually.

WHEREFORE, Plaintiff, Nicole Strickler, individually and on behalf of all other similarly situated, respectfully requests that pursuant to F.R.C.P. 23(b)(3), this Court certify the proposed class in this matter, and appoint her as Class Representative, and her attorneys and Class Counsel.

NICOLE STRICKLER,

By:/s/ Joseph S. Messer
Attorney for Plaintiff
Joseph S. Messer
Messer & Stilp, Ltd.
166 W. Washington, Suite 300
Chicago, Illinois 60602
(312) 334-3476
Messer@messerstilp.com
Attorney No. 6200036

CERTIFICATE OF SERVICE

        I hereby certify that on August 26, 2011, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

James Kenneth Borcia  
Tressler LLP  
233 South Wacker Drive  
22nd Floor  
Chicago, IL 60606-6308  
(312) 627-4000  
Email: jborcia@tresslerllp.com

                                            By:/s/ Joseph S. Messer  
                                            Attorney for Plaintiff  
                                            Joseph S. Messer  
                                            Messer & Stilp, Ltd.  
                                            166 W. Washington, Suite 300  
                                            Chicago, Illinois 60602  
                                            (312) 334-3476  
                                            Messer@messerstilp.com  
                                            Attorney No. 6200036