## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE STRICKLER, on behalf of herself and the class members described below, | ) ) ) | |
| | ) | 11 C 3468 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BIJORA, INC., doing business as AKIRA, | ) ) ) | Hon. Charles R. Norgle |
| Defendant. | ) ) | |

### OPINION AND ORDER

Before the Court is Plaintiff Nicole Strickler's ("Strickler") motion for class certification and Defendant Bijora, Inc.'s d/b/a Akira ("Bijora") motion to strike Strickler's reply brief in support of class certification. For the following reasons, Strickler's motion for class certification is granted and Bijora's motion to strike is denied.

### I. BACKGROUND

Strickler alleges that Bijora, an Illinois corporation in the business of retail clothing sales, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The TCPA makes it unlawful for any person to "make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A). Regulations promulgated under the TCPA require that "[p]ersons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from

the date such request is made." 47 CFR § 64.1200(d)(3). Strickler asserts that text messages constitute calls under the TCPA. Am. Compl. ¶ 10 (citing <u>Lozano v. Twentieth Century Fox Film Corp.</u>, 702 F. Supp. 2d 999 (N.D. Ill. 2010); <u>Abbas v. Selling Source, LLC</u>, No. 09 C 3413, 2009 WL 4884471 (N.D. Ill. Dec.14, 2009)).

Strickler claims that, beginning around the Fall of 2009 and continuing to the present, Bijora used an automated dialer to send mass marketing text messages to cellular telephones with Illinois area codes. Am. Compl. ¶¶ 9, 11, 37. Strickler alleges that she received numerous messages from Bijora, the following of which are representative:

> AKIRA2: Spooktacular Blowout Sale this Weekend! Buy 1 Item Get 2nd Item ½ OFF @ any AKIRA location. Promotion valid for the ENTIRE STORE! Friday thru Sunday

> AKIRA2: Attn: Ladies! TODAY from 5pm-8pm enjoy 20% off all ankle booties & pumps at AKIRA Bucktown Footwear. No Coupon required, just bring your pretty smile

> AKIRA2: GOLDEN TICKET 2 AKIRA&TONY MCEY'S NYE Party: $75! 1 wk only. OPENBAR, gourmet food, 8DJS+live band. Party w/ the best crowd! Tix @ AKIRA or shopAKIRA.com

> AKIRA2: Join AKIRA 4 THE HOTTEST nye PARTY! Enter "LASTCALL" when purchasing tickets online @shopakira.com & pay only $100 per ticket (Save $50). Gen ad only.

> AKIRA2: Fashion show tonight at 11p.m. @Lumen 839 W. Fulton Market. Complimentary admission with this text!

<u>Id.</u> ¶¶ 14, 15, 16, 22. Bijora answers that it is "without knowledge or information sufficient to form a belief" as to whether Strickler received any of the text messages at issue. Strickler further claims that Bijora did not honor her request to be placed on a do-no-call list, which Bijora denies.

Strickler moved for class certification on July 19, 2011. On August 26, 2011, Strickler sought leave to file an amended complaint in order to clarify the definition of

the proposed class, which the Court granted on September 8, 2011. On September 2, 2011, Bijora moved to strike Strickler's reply brief in support of class certification. Both motions are fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

A party seeking class certification must demonstrate that it has met all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). Under Rule 23(a), a class action may be maintained only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

In this case, Strickler seeks certification under Rule 23(b)(3). To certify a class under Rule 23(b)(3), a plaintiff must, in addition to satisfying Rule 23(a), show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); see also Howland v. First Am. Title Ins. Co., Nos. 11-1816, 11-1817, 2012 WL 695636, at *3 (7th Cir. Mar. 6, 2012).

The plaintiff bears the burden of demonstrating that certification is appropriate. Oshana v. Coca-Cola Co., 472 F.3d 506, 513 (7th Cir. 2006). "Class certification is appropriate only if, 'after a rigorous analysis,' the trial court is satisfied that the requirements of Rule 23 have been met." Jamie S. v. Milwaukee Public Schs., 668 F.3d

481, 493 (7th Cir. 2012) (quoting Wal–Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)). Rule 23 "entrusts the certification of class-action lawsuits to the broad discretion of the district court." Howland, 2012 WL 695636, at *3 (citation omitted). The class action "is an ingenious device for economizing on the expense of litigation and enabling small claims to be litigated. The two points are closely related. If every small claim had to be litigated separately, the vindication of small claims would be rare." Thorogood v. Sears, Roebuck & Co., 547 F.3d 742, 744 (7th Cir. 2008).

**B. Motion to Strike**

Bijora moves to strike Strickler's reply brief in support of class certification on the ground that it raises new arguments and facts. While Strickler's reply does not raise new legal theories, Bijora is correct that it vastly expands upon the theories and arguments raised in the original motion, as well attaches a declaration and affidavit. In this circumstance, any prejudice could be cured by granting Bijora the opportunity to file a sur-reply, to which Strickler does not object. Yet not only has Bijora failed to seek leave to file a sur-reply, it has made clear that it does not wish to do so. See Def.'s Reply in Support of its Mot. to Strike 3 ("[Bijora] should not be forced to seek leave to [file a sur-reply] simply because Strickler filed a deficient motion.").

This is especially problematic because Bijora's response to Strickler's motion for class certification wholly ignores the abundant case law from this District certifying classes in TCPA cases. Strickler's original complaint, filed well before Bijora's response brief, cites to multiple cases certifying classes in TCPA cases, see Compl. ¶ 61, and there are many such cases in this district alone, see, e.g., Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd., 679 F. Supp. 2d 894 (N.D. Ill. 2010); CE Design, Ltd. v. Cy's

Crabhouse N., Inc., 259 F.R.D. 135 (N.D. Ill. 2009); Hinman v. M & M Rental Ctr., Inc.,

545 F. Supp. 2d 802 (N.D. Ill. 2008); Bridgeview Health Care Ctr. Ltd. v. Clark, No. 09

C 5601, 2011 WL 4628744 (N.D. Ill. Sept. 30, 2011); Mitchem v. Ill. Collection Servs.,

Inc., No. 09 C 7274, slip op. at 5 (N.D. Ill. Jan. 3, 2011); G.M. Sign, Inc. v. Grp.

Commc'n, Inc., No. 08 C 4521, 2010 WL 744262 (N.D. Ill. Feb. 25, 2010); Holtzman v.

Turza, No. 08 C 2014, 2009 WL 3334909 (N.D. Ill. Oct.14, 2009); G.M. Sign, Inc. v.

Finish Thompson, Inc., No. 07 C 5953, 2009 WL 2581324 (N.D. Ill. Aug. 20, 2009);

Green v. Serv. Master On Location Servs. Corp., No. 07 C 4705, 2009 WL 1810769

(N.D. Ill. June 22, 2009); CE Design v. Beaty Const., Inc., No. 07 C 3340, 2009 WL

192481 (N.D. Ill. Jan. 26, 2009); Sadowski v. Med1 Online, LLC, No. 07 C 2973, 2008

WL 2224892 (N.D. Ill. May 27, 2008).

While class certification is necessarily a case-specific determination, Bijora

undermines its motion to strike by ignoring this line of cases while simultaneously

shunning the opportunity to file a sur-reply. The Court will not strike Strickler's reply

because Bijora declines to engage with the legal issues and cases that should be

considered in any event. On this record, striking the reply would only delay the

progression of this case. The Court proceeds to the merits of class certification.[1]

## C. Motion for Class Certification

Strickler seeks certification of a class:

> [C]onsisting of all persons with Illinois area codes (217, 224, 309, 312,
> 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after a
> date four years prior to the filing of this action and on or before a date 20

---

[1] Bijora also argues that the reply should be stricken because the amended complaint, filed after Defendant's response to class certification but before Plaintiff's reply, proposes a new class definition. The alterations to the class definition, however, are not material to the resolution of the class certification motion. Defendant's motion to strike on this basis is denied.

> days following the filing of this action, received automated texts from
> Defendant. These persons include the following subclasses:
>> a. persons who received the texts without first giving express
>> consent;
>> b. persons who received texts that did not contain an opt-out
>> option; or
>> c. persons who received the texts and subsequently attempted to
>> get onto an entity-specific do-not-call list.

Am. Compl. ¶ 37. Bijora opposes certification on the ground that Strickler's motion consists of perfunctory and conclusory arguments that fail to establish each of the elements necessary to certify a class. The Court disagrees. For the following reasons, Strickler's motion to certify the class is granted. Pursuant to Rule 23(c)(1), the Court notes that, if proper, it may alter, amend, modify, or decertify the class at a later date. See Gen. Tel. Co. of S.W. v. Falcon, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.").

### 1. Numerosity

Rule 23(a) requires a plaintiff to demonstrate that the members of the prospective class are so numerous as to make joinder impracticable. "Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)." McCabe v. Crawford & Co., 210 F.R.D. 631, 643 (N.D. Ill. 2002) (citations omitted). The plaintiff is "not required to allege the exact number or identity of the class members." Hinman, 545 F. Supp. 2d at 806. A plaintiff can offer "good faith estimates" of class size if the specific number of class members is unknown, and the Court may use "common sense assumptions" to determine the validity of those estimates. Id.; see also Bridgeview Health Care Ctr. Ltd, 2011 WL 4628744 at *4; Sadowski, 2008 WL 2224892 at *3.

Strickler offers no specifics as to the number of individuals who allegedly received text messages. Rather, she asks the Court to infer numerosity because a company the size of Bijora—operating approximately fourteen Akira stores in the Chicagoland area—likely would send the mass marketing text messages to more than forty persons. The language of the messages themselves strongly supports the inference that they were distributed en mass. One advertises "blow out sales" at "any AKIRA location," another opens with "Attn: Ladies!" and goes on to advertise "20% off all ankle booties & pumps," and yet another advertises a $75 New Year's party with an open bar, eight DJs, and the opportunity to "Party w/ the best crowd!" Am. Compl. ¶¶ 14-16. There can be little doubt that messages targeting "ladies" and advertising "blow out sales" and New Year's parties were intended for broad distribution.

There is enough here to infer that numerosity is satisfied. Indeed, these kinds of extrapolations have been used by other courts in deciding that the numerosity requirement has been met. See Ingram v. Corp. Receivables, Inc., No. 02 C 6608, 2003 WL 21982152, at *3 (N.D. Ill. Aug. 19, 2003) ("[W]e do believe it reasonable to make the 'common sense assumption' that in a state such as Illinois, a company such as CRI likely would send letters of the type set forth in Exhibit G to the complaint to as many as 40 people within a particular 12-month period."); Davis v. Suran, No. 98 C 0656, 1998 WL 474105, at *2 (N.D. Ill. Aug. 3, 1998) (using a defendant's 10-K Form to determine the size of the company and the approximate frequency of transactions at issue); Sledge v. Sands, 182 F.R.D. 255, 258 (N.D. Ill.1998) (considering the agency's size in determining the frequency with which letters would be sent).

The Court thus finds it reasonable to make the "common sense assumption" that at least forty individuals received unsolicited text messages from Bijora, thus satisfying the numerosity requirement. However, if it should appear that the class is not as large as expected, the Court, pursuant to Rule 23(c)(1), may alter, amend, modify, or decertify the class at a later date. See Beaty Const., Inc., 2009 WL 192481, at *4 ("[I]f [Plaintiff] is unable to locate enough businesses willing to join this litigation, the Court will have no qualms in granting a motion to decertify the class."); Pennington v. Ward, No. 85 C 6237, 1986 WL 8038, at *1 (N.D. Ill. Jul. 14, 1986) ("[W]hen in doubt about numerosity, courts often certify the class, with the option under Fed. R. Civ. P. Rule 23(c)(1) of decertifying if it later appears that joinder was practicable.").

### 2. Commonality and Typicality

Rule 23(a)(2) requires that "questions of law or fact common to the class" exist. "A common nucleus of operative fact" is usually enough to satisfy this requirement, Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998) (quotation omitted), and a defendant's pattern of "standardized conduct towards members of the proposed class" is generally sufficient to constitute a common nucleus of operative fact, id. Slight factual variation among the class grievances will not defeat a class action. Rosario v. Livaditis, 963 F.2d 1013, 1017 (7th Cir. 1992); see also Kaufman v. Am. Express Travel Related Servs. Co., 264 F.R.D. 438, 442 (N.D. Ill. 2009) ("The commonality requirement does not necessitate every class member's factual or legal situation to be a carbon copy of those of the named plaintiffs, so the low commonality hurdle is easily surmounted." (internal quotations omitted)).

Here, Strickler claims that Bijora used an automated dialer to send mass marketing text messages to consumers' cellular telephones. These allegations involve common factual questions about Bijora's text message marketing and common legal questions under the TCPA. See Cy's Crabhouse N., Inc., 259 F.R.D. at 141 (holding that a fax broadcast to thousands of fax numbers is standardized conduct and "whether that fax broadcast violated the TCPA is an issue common to the class"); Bridgeview Health Care Ctr. Ltd., 2011 WL 4628744, at *4 ("The instant case involves common factual questions about Defendant's facsimile campaign and common legal question under the TCPA."). Because all claims arise from the same factual circumstances and under the same statute, the commonality element is satisfied.

The typicality element requires that "the claims or defenses of the representative party [be] typical of the claims or defenses of the class." Fed. R. Civ. P 23(a)(3). "A claim is typical if it 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [the] claims are based on the same legal theory.'" Oshana, 472 F.3d at 514 (quoting Rosario, 963 F.2d at 1018). Factual distinctions between the claims of the named plaintiff and the class do not destroy typicality so long as the claims share the same legal theory. Muro v. Target Corp., 580 F.3d 485, 492 (7th Cir. 2009) (citing De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983)). "Because commonality and typicality are closely related, a finding of one often results in a finding of the other." Holtzman, 2009 WL 3334909, at *4 (citing De La Fuente, 713 F.2d at 232).

Typicality is satisfied because Strickler's claims and the proposed class members' claims all arise from Bijora's text message marketing, and each member's claim is based

on the same TCPA legal theory as Strickler's. See Grp. Commc'n, Inc., 2010 WL 744262, at *5 (holding, in a TCPA case, that typicality is satisfied where plaintiff "alleges each proposed class member was similarly affected by the same series of faxed advertisements"); Holtzman, 2009 WL 3334909 at *5 ("Because the course of conduct that produced [plaintiff's] claim also produced the claims of the proposed class, and plaintiff brings the same TCPA claim that will be advanced by the class, plaintiff's claim is typical of those of the class.").

### 3. Adequacy of Representation

Rule 23(a)'s final requirement is that the class representative be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Meeting the burden of this standard is not difficult." Schmidt v. Smith & Wollensky, LLC, 268 F.R.D. 323, 328 (N.D. Ill. 2010) (quotation omitted). The class representative must show that: (1) its claims are not antagonistic to or in conflict with those of the proposed class; (2) it has sufficient interest in the outcome of the case; and (3) experienced, competent counsel represents it. Id. In appointing class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g).

Strickler and the proposed class members seek statutory damages under the TCPA.[2] Given the identity of the claims between Strickler and the proposed class members, there appears to be no potential for conflicting interest. See Cy's Crabhouse N., Inc., 259

---

[2] The TCPA provides for statutory damages of $500 per violation. 47 U.S.C. § 227(b)(3)(B). If there is a finding that the violation was willful or knowing, the Court has discretion to increase the amount of the award threefold. Id.

F.R.D. at 142; Grp. Commc'n, Inc., 2010 WL 744262 at *5. Further, it appears that Strickler understands her obligations and the nature of her claims. She certifies that she is a 2009 law school graduate, has attended several seminars on the TCPA, and has spoken before trade organization on the subject of TCPA compliance. Pl.'s Reply in Support of Class Certification, Ex. A ¶¶ 4-7. This is more than enough to show that Strickler is an adequate class representative.[3]

Strickler's counsel is competent to prosecute the class action adequately and effectively. He is an experienced lawyer who has served as counsel in numerous federal class actions, id. Ex. B ¶ 4, and has delivered multiple presentations on class actions and consumer protection laws, including the TCPA, id. ¶ 3. Counsel has investigated Strickler's claims in this action, id. ¶ 11, and affirmed his commitment to devoting the time and financial resources necessary to zealously represent the class, id. ¶ 12.

### 4. Predominance and Superiority

Certification under Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The common issues in this case involve Bijora's alleged text message marketing campaign. "All claims depend on proving [defendant] sent those [messages] and that such conduct violates the TCPA." Grp. Commc'n, Inc., 2010 WL 744262, at *6.

---

[3] Bijora argues that Strickler is not an adequate representative because she fails to demonstrate "the capacity and willingness to bear the expenses of the class action." Def.'s Resp. to Pl's Mot. for Class Certification 7. In support, Bijora cites Darvin v. Int'l Harvester Co., 610 F. Supp. 255, 257 (D.C.N.Y. 1985), a case denying class certification based on a class representative's credibility and lack of familiarity with the lawsuit. The case does not hold, let alone mention, the representative's capacity or willingness to bear the expenses of litigation. The citation to Darvin is disingenuous and misleading.

Bijora's only argument against predominance is that Strickler fails to provide evidence or analysis. This argument is without merit. At present, there is no reason to believe that the resolution of any individual issues will consume more time or resources than the resolution of common issues. See id.; see also Targin Sign Sys., Inc., 679 F. Supp. 2d at 898; Cy's Crabhouse N., Inc., 259 F.R.D. at 142; Bridgeview Health Care Ctr. Ltd, 2011 WL 4628744, at *6. Accordingly, predominance is met.

Class treatment also appears to be the superior method of handling Strickler's claims. Indeed, "resolution of the issues on a classwide basis, rather than in thousands of individual lawsuits (which in fact may never be brought because of their relatively small individual value), would be an efficient use of both judicial and party resources." Hinman, 545 F. Supp. 2d at 807; see also Bridgeview Health Care Ctr. Ltd., 2011 WL 4628744, at *6 ("[T]he class action method is superior in this [TCPA] case because resolution of the issues on a classwide basis is preferable to the filing of thousands of claims based on the same conduct, and far more likely to take place since the potential recovery is too slight to support individual suits."). The superiority requirement of Rule 23(b) is therefore satisfied.

### III. CONCLUSION

For the reasons set forth above, the Court denies Bijora's motion to strike, grants Strickler's motion for class certification, and certifies a class:

> Consisting of all persons with Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action, received automated texts from Defendant. These persons include the following subclasses:
> a. persons who received the texts without first giving express consent;

b. persons who received texts that did not contain an opt-out option; or

c. persons who received the texts and subsequently attempted to get onto an entity-specific do-not-call list.

IT IS SO ORDERED.


ENTER:


_____

CHARLES RONALD NORGLE, Judge
United States District Court


DATED: March 15, 2012