Docket No. _____

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| NICOLE STRICKLER, on behalf of herself and the class members described below, | On Appeal From the United States District Court for the Northern District of Illinois |
| Plaintiff-Respondent, | |
| v. | Case No. 11 CV 3468 |
| BIJORA, INC., doing business as AKIRA, | The Honorable Charles Norgle, Judge Presiding |
| Defendant-Petitioner. | |

## DEFENDANT-PETITIONER'S PETITION PURSUANT TO FED. R. CIV. P. 23(f) FOR PERMISSION TO APPEAL ORDER GRANTING CLASS ACTION CERTIFICATION

James K. Borcia
David O. Yuen
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000

Attorneys for Defendant-Petitioner Bijora, Inc.

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: _____

Short Caption: Strickler v. Bijora, Inc.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

    [ ]     PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED
            AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

    Bijora, Inc. doing business as Akira

_____

_____

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Tressler LLP

_____

_____

(3) If the party or amicus is a corporation:

    i) Identify all its parent corporations, if any; and

       N/A

    ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

       N/A

Attorney's Signature: _____      Date: April 3, 2012

Attorney's Printed Name: James K. Borcia

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d).   Yes X    No _____

Address: 233 S. Wacker Drive, 22nd Floor, Chicago, IL 60606

Phone Number: (312) 627-4000      Fax Number: (312) 627-1717

E-Mail Address: jborcia@tresslerllp.com

rev. 01/08 AK

Docket No. _____

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| NICOLE STRICKLER, on behalf of herself and the class members described below, ) | On Appeal From the United States District Court for the Northern District of Illinois |
| Plaintiff-Respondent, ) | Case No. 11 CV 3468 |
| v. ) | The Honorable Charles Norgle, |
| BIJORA, INC., doing business as AKIRA, ) | Judge Presiding |
| Defendant-Petitioner. ) | |

## DEFENDANT-PETITIONER'S PETITION PURSUANT TO FED. R. CIV. P. 23(f) FOR PERMISSION TO APPEAL ORDER GRANTING CLASS ACTION CERTIFICATION

### PRELIMINARY STATEMENT

Plaintiff alleges that she received text messages from Defendant Bijora, Inc. ("Bijora") without her consent and filed a lawsuit seeking class treatment seeking statutory damages pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (b)(1)(C). Despite the fact that Plaintiff's motion for class certification consisted of conclusory assertions without any support, the District Court refused to allow discovery or a hearing on the motion and certified the class.

In its decision, the District Court erroneously failed to apply the "rigorous analysis" required by Federal Rule of Civil Procedure 23. As demonstrated below, appellate review of the District Court's decision at this stage is warranted and will provide the district courts of this circuit with much needed guidance for future determinations of motions for class certification under Rule 23.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On May 24, 2011, Plaintiff filed a complaint seeking relief on a class wide basis claiming that Bijora had sent her unsolicited texts in violation of the TCPA. (ECF 1). On July 15, 2011, Bijora filed its Answer to Plaintiff's Complaint, effectively denying all of the material allegations of Plaintiff's complaint and raising numerous affirmative defenses. (ECF 11). In its Answer, Bijora further alleged that Plaintiff consented to receiving the texts and thus could not recover under the TCPA. (*Id.* at p. 15).

On July 19, 2011, Plaintiff filed a motion for class certification. (ECF 15). The motion was not accompanied by any memorandum in support, and contained mere boilerplate conclusions parroting the language in Rule 23. The motion contained no citation to the record, evidence or case law. The motion was noticed and presented on July 22, 2011, before there was even an initial status hearing in this case. At the July 22 presentment, Plaintiff's counsel requested that "we enter and continue the motion because [Plaintiff] needs more time for discovery." (A017). At the hearing Bijora's counsel also requested time to take class discovery in order to respond to the motion. (A017, 20-21). The Court rejected both Plaintiff and Bijora's requests to take discovery relating to the motion and ordered Bijora to respond to the motion within 21 days and Plaintiff to file a reply within 14 days thereafter. (A021; ECF 17).

Bijora timely filed its response to Plaintiff's motion for class certification on August 12, 2011. (ECF 19). In its Response, Bijora pointed out the deficiencies in Plaintiff's motion and her failure to meet her burden to establish any of the requirements for certification. Additionally, Bijora renewed its request to allow it to take discovery to respond to the motion and also requested an evidentiary hearing regarding certification.

On August 26, 2011, Plaintiff filed her Reply in support of her certification motion. (ECF 24). Plaintiff admitted in her Reply that her certification motion was "basic" and she needed

2

discovery to obtain evidence to support her motion. (*Id*. at p. 1). Plaintiff attempted to cure her deficient motion by improperly submitting new evidence and arguments in her Reply. The Reply contained a new factual background section, two supporting affidavits (listing the qualifications of Plaintiff and her counsel) and new arguments on each class certification factor. The Reply also cited eighteen new cases not cited in Plaintiff's motion.

On August 26, 2011, after the motion for class certification was fully briefed, Plaintiff filed a motion for leave to amend her complaint. The proposed amended complaint sought to change the proposed class definition. Specifically, the new proposed class definition contained three subclasses, while the class definition in the complaint did not contain any subclasses. As a result, Bijora also filed an opposition to the motion to amend. (ECF 30). On September 2, 2011, Bijora filed a motion to strike Plaintiff's certification reply. (ECF 28). On September 7, 2011 Plaintiff filed a response to the motion to strike. (ECF 32). On September 8, 2011, the District Court granted Plaintiff's motion to file an amended complaint and ordered Bijora to file a reply in support of its motion to strike by September 16, 2011. (ECF 34). On September 16, 2011, Bijora timely filed its Reply in support of its motion to strike. (ECF 37).

On March 20, 2011, the District Court entered an order granting Plaintiff's motion for class certification and denying Bijora's motion to strike. (ECF 67; A001-14). Later that same day, Plaintiff filed a motion for leave to file a Second Amended Complaint, seeking to once again modify the class definition, to add new allegations against Bijora, and to add claims against a new Defendant, Opt It. (ECF 68). On April 3, 2011 the District Court granted Plaintiff's motion for leave to file and later that day Plaintiff filed her Second Amended Complaint. (ECF 71-72).

## QUESTIONS PRESENTED

1. Whether Plaintiff met her burden under Fed. R. Civ. P. Rule 23 to justify the Court certifying the class.

2.  Whether the District Court conducted the necessary rigorous analysis in finding that Plaintiff met the requirements of Fed. R. Civ. P. 23.

3.  Whether the District Court abused its discretion in denying Bijora's request to take discovery to respond to Plaintiff's motion for class certification.

4.  Whether the District Court erred in rejecting Bijora's request for an evidentiary hearing on Plaintiff's motion for class certification.

5.  Whether the District Court abused its discretion in allowing Plaintiff to amend her complaint after the briefing on Plaintiff's motion for class certification was completed.

6.  Whether the District Court abused its discretion in considering the new arguments, evidence and authorities cited in Plaintiff's reply brief and denying Bijora's motion to strike same.

## RELIEF SOUGHT

Pursuant to Fed. R. Civ. P. 23(f), Bijora requests permission to appeal from the District Court's order entered on March 20, 2012 certifying a class pursuant to Fed. R. Civ. P. 23(b) (3).

## THE REASONS BIJORA'S APPEAL SHOULD BE ALLOWED AND IS AUTHORIZED

Review of the District Court's decision on class certification under Fed. R. Civ. P. 23(f) is imperative because the District Court's decision was erroneous and an abuse of discretion. The District Court did not undertake the rigorous analysis of each prerequisite of Rule 23 required by cases such as *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), *Creative Montessori v. Ashford Gear,* 662 F.3d 913 (7th Cir. 2011) and *CE Design, Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 723 (7th Cir. 2011).

## 1. THIS CASE FALLS SQUARELY WITHIN RULE 23(f)'S STANDARD FOR AN INTERLOCUTORY APPEAL

This Court has created neither a "bright-line approach nor a catalog of factors" for appeals under Rule 23(f). *Blair v. Equifax Check Serˊvs., Inc.,* 181 F.3d 832, 834 (7th Cir. 1999). Instead, the Court has recognized three guiding principles, all of which warrant immediate appellate review in this case. First, the Court will grant review where development of class action law may be facilitated. *Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 675 (7th Cir. 2001); *Richardson Elecs., Ltd. v. Panache Broad of Pa., Inc.,* 202 F.3d 957, 958 (7th Cir. 2000). Second, the Court will consider "whether an immediate appeal is necessary to enable meaningful appellate review of a decision granting or denying class certification." *Richardson Elecs.,* 202 F.3d at 958. Permission to appeal "is most likely to be granted ... when, as a practical matter, the decision on certification is likely dispositive of the litigation." Fed. R. Civ. P. 23(f) Advisory Committee Notes (1998). Ultimately, "the more fundamental the question and the greater the likelihood that it will escape effective disposition at the end of the case, the more appropriate is an appeal under Rule 23(f)." *Blair,* 181 F.3d at 835; *Carnegie v. Household Intl, Inc.,* 376 F.3d 656, 658 (7th Cir. 2004). Third, review is appropriate where the district court's decision appears "problematic." *Szabo,* 249 F.3d at 675.

As to the first principle, this Court's review of the district court's decision will provide much needed guidance to the courts of this jurisdiction regarding the correct standard to apply to class actions under Rule 23(b)(3). Second, immediate appellate review of the district court's determination that class certification is proper under Rule 23(b)(3) may be the only opportunity for meaningful examination of the order granting class certification in this case. Orders certifying class actions seeking crushing, annihilating statutory damages are "prime occasion[s]" for granting appellate review, "not only because of the pressure that class certification places on the

5

defendant but also because [any] ensuing settlement prevents resolution of the underlying issues." *Szabo,* 249 F.3d at 675. Such "big stakes" situations are a "prime occasion" for granting appellate review, "not only because of the pressure that class certification places on the defendant but also because [any] ensuing settlement prevents resolution of the underlying issues." *Creative Montesssori,* 662 F.3d at 917; *Szabo,* 249 F.3d at 675 (recognizing that class certification turned a $200,000 dispute into a $200 million dispute creating a "bet-your-company decision" for the defendants); *Blair,* 181 F.3d at 834.

This Court, as well as other Courts of Appeal, has determined that a Rule 23(f) appeal ordinarily should be permitted where the grant of class status raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle." *King Architectural Metals,* 673 F.3d at 723; *Creative Montessori*, 662 F.3d at 915; *Waste Mgmt. Holdings, Inc. v. Mowbray,* 208 F.3d 288, 293 (1st Cir. 2000) *P.A.C.E. v. School Dist. of Kansas City,* 312 F. 3d 341, 343 (8th Cir. 2002). This Court has found that this principle is particularly applicable to class actions brought under the TCPA, which "makes violators strictly liable for cumulatively very heavy statutory penalties." *King Architectural Metals, Inc.,* 673 F.3d at 723. In this case, immediate appellate review of class certification is appropriate because of the high stakes involved. As a result, the time for appeal is now.

Finally, the district court's decision granting class certification should be reviewed because it was an abuse of discretion. Specifically, the court's decision is contrary to the stringent requirements of Rule 23 and the requirement for a "rigorous analysis" and, therefore, warrants immediate appellate review.

The District Court's finding was based on other cases where courts have certified classes in TCPA cases. However, the facts and circumstances of those cases, where the plaintiffs in those

cases presented support for the requisite elements and the parties were allowed to conduct class

discovery, are easily distinguishable from this case where such did not occur. Also, the District

Court ignored the fact that class certification has been denied in numerous TCPA cases,

including by courts in this circuit. *See, e.g., Gene & Gene LLC v. BioPay LLC*, 541 F.3d 326-27

(5th Cir. 2008); *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.,* 274 F.R.D. 229, 235-38 (S.D. Ill.

2011); *G.M. Sign, Inc. v. Brink's Mfg. Co.,* 2011 U.S. Dist. LEXIS 7084 (N.D.Ill.); *Hicks v.

Client Services, Inc.*, 2008 U.S. Dist. LEXIS 101129 (S.D.Fla.); *Levitt v. Fax.com*, 2007 U.S.

Dist. LEXIS 83143, *11-13 (D. Md.); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162, 1169-70

(S.D. Ind. 1997); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404 (E.D. Pa. 1995); *Boehm,

Kurtz & Lowry v. Interstate Services Agency,* 2010 Ohio App. LEXIS 46289 (Ohio).

## 2. PLAINTIFF FAILED TO MEET HER CERTIFICATION BURDEN AND THE DISTRICT COURT FAILED TO CONDUCT THE NECESSARY RIGOROUS ANALYSIS

The class action device is "an exception to the usual rule that litigation is conducted by and

on behalf of the individual named parties only." *Gen.Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147

(1982). As a result, courts must exercise caution in certifying classes. *Thorogood v. Sears,

Roebuck & Co.,* 547 F.2d 742, 744 (7th Cir. 2008). A class may be certified "only if: (1) the class

is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact

common to the class, (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class, and (4) the representative parties will fairly and adequately

protect the interests of the class." Fed.R.Civ.P. 23(a). If these four elements (numerosity,

commonality, typicality, and adequacy) are satisfied, the plaintiff must also demonstrate that the

proposed class qualifies under at least one of the three subsections of Rule 23(b). *Cavin v. Home

Loan Ctr., Inc.*, 236 F.R.D. 387, 391 (N.D. Ill. 2006).

Plaintiff bears a strict burden of showing that the proposed class meets all of the

7

requirements for certification. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *Trevizo v. Adams*, 455 F.3d 1155 (Utah 2006). Mere repetition of the language of Rule 23(a) is not sufficient for a plaintiff to meet her burden. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). A court the court must carefully apply the requirements and may approve a class action only after conducting a "rigorous analysis" to ensure compliance with Rule 23. *Gen.Tel,*, 457 U.S. at 160-61. The court must "probe behind the pleadings" in deciding whether Plaintiff has met her burden. The court cannot assume the allegations of the complaint are true; rather, the evidence presented must show that the factual and legal requirements for class certification have been met. *Szabo*, 249 F.3d at 675-77; *Grenenbaher v. Centurytel Fiber Co. II*, 244 F.R.D. 485 (C.D. Ill. 2007); *Zeno v. Ford Motor Co., Inc.*, 238 F.R.D. 172 (W.D. Pa. 2006).

The court may refer to any matters of fact or law presented by the record, including the pleadings, depositions, affidavits and any evidence that may have been adduced at hearings. *Rhodes v. Cracker Barrel Old Country Store, Inc.*, 213 F.R.D. 619, 673 (N.D. Ga. 2003). Inquiry into the substantive nature of proof as to facts in issue is often required to determine the propriety of class certification. *Haskins v. Montgomery Ward & Co., Inc.*, 73 F.R.D. 499, 502 (S.D. Tex. 1977). That is because a court needs to evaluate what proof must be made as to the respective claims and defenses asserted to determine whether common or individual issues predominate and whether conducting the trial as a class action would be efficient and fair. *Id*. This evaluation is critical to the court's fulfillment of its duty to conduct a "rigorous analysis" of whether the certification requirements are satisfied. *Gen.Tel.,* 457 U.S. at 161; *Szabo,* 249 F.3d at 677

8

## A. **Plaintiff Failed To Meet Her Burden Under Rule 23(a)**

"A motion for class certification should be accompanied by a supporting brief or memoranda and by one or more affidavits or declarations." *Butler v. Illinois Bell Telephone Co.,* 2008 U.S.Dist. LEXIS 11901, *13, 14 (N.D.Ill.); *Stevens v. Harper,* 213 F.R.D. 358, 378 (E.D. Cal. 2002); *Moore's Federal Practice 3D* § 28.82[1]. Here, Plaintiff's motion was only three pages long and was not accompanied with any supporting brief or any affidavits. In fact, Plaintiff submitted no evidence whatsoever in support of her motion. Instead, Plaintiff made conclusory allegations, many of which are based on information and belief. (*See, e.g.,* ECF 15 at ¶ 2). Plaintiff's argument consists of perfunctory and conclusory arguments that did not come close to meeting her burden to establish the elements necessary to establish that this matter should proceed as a class action. The District Court could not possibly conduct the requisite "rigorous analysis" because Plaintiff has failed to provide the Court with the necessary evidentiary support to do so. Therefore, Plaintiff's motion should have been denied on its face. *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 405 (1977); *Payton v. County of Kane,* 398 F.3d 673, 678 (7th Cir. 2002).; *Gavin v. AT&T Corp.,* 543 F.Supp.2d 885, 913 (N.D.Ill. 2008) (a motion for class certification should be denied where the motion contains no case citations or legal argument as to why certification should be granted). The District Court's approach is reminiscent of the "across the board" approach jettisoned by *Gen. Tel.* and denounced by this Court in *Szabo,* in favor of the now applicable standard that "similarity of claims and situations must be demonstrated rather than assumed." *Szabo,* 249 F.3d at 677.

### 1. **Plaintiff Failed To Establish Numerosity**

If a plaintiff fails to present information to form a sufficient basis for numerosity, the motion for class certification must be denied. *Marcial v. Coronet Ins., Co.,* 880 F.2d 954, 957 (7th Cir. 1989); *Butler,* 2008 U.S. Dist. LEXIS, *13; *Herman v. Central States Southeast & Southwest*

9

*Areas Pension Fund*, 2003 U.S. Dist. LEXIS 12299, *7 (N.D.Ill.). Mere speculation does not

suffice. *Id*. A finding of numerosity cannot be based on Plaintiff's conclusory allegations that

joinder is impracticable or speculation about the size of the class. *Id.*

Plaintiff's claim of numerosity was based on speculation and had no evidentiary support

whatsoever. Plaintiff speculated that given the length of the class period and Bijora's advertising

methods that there are more than 40 class members. Tellingly, Plaintiff argued that "there are

more than 40 class members" but that the number of class members "will be determined in the

course of discovery". (ECF 15 at ¶ 2). Conceding her motion was premature, Plaintiff then

"requests a briefing schedule long enough to allow for the discovery of this information". (*Id.*).

This fails to establish numerosity.

While Rule 23 does not require plaintiffs to produce precise numbers, some evidence of the

number of class members is required to satisfy plaintiff's numerosity burden. *Butler,* 2008

U.S.Dist. LEXIS 11901, *13-14; *Humphrey v. Int'l Paper,*2003 U.S. Dist. LEXIS 16040, *21

(N.D.Ill.); *LeClercq v. Lockformer Co.,* 2001 U.S.Dist. LEXIS 2115, * 11 (N.D.Ill.); *Allen v.

City of Chicago,* 828 F.Supp. 543, 550 (N.D. Ill. 1993). The District Court conceded that

Plaintiff "offers no specifics as to the number of individuals who allegedly received the text

messages, but nevertheless found numerosity was satisfied based on extrapolations based on the

number of Bijora's stores such that "it would likely send the mass marketing text messages to

more than forty persons". (A008). However, the mere sending of texts is not a violation, as even

Plaintiff conceded to be in the class the recipient must not have provided consent. *See Vigus,* 274

F.R.D. at 235-38; *G.M. Sign,* 2011 U.S. Dist. LEXIS 7084. Plaintiff provided no evidence as to

how many alleged text recipients did not consent to receive such texts. Under these

circumstances the District Court's extrapolation finding is also erroneous because Plaintiff could

have obtained information on the number of text recipients but never even sought to do so before filing her motion. *Allen v. Int'l Truck,* 2011 U.S. Dist. LEXIS 79723, *16-17 (N.D.Ill.).

## 2. Plaintiff Failed to Establish Commonality and Typicality

A common question is one that can be resolved for each class member in a single hearing. *Levitt v. Fax.com*, 2007 U.S. Dist. LEXIS 83143, *4-7 (D.Md.). However, commonality is not met where its resolution turns on a consideration of the individual circumstances of each class member. *Id.* The need for a case by case determination of a material issue for each class member's claim also denotes that the claims of the class representative are not "typical" of the claims of the individual class members. *Levitt*, 2007 U.S. Dist. LEXIS 83143, *7.

Plaintiff failed to establish commonality. Plaintiff argued that there are two common questions of law and fact present here: (1) whether Defendant's conduct violated the TCPA; and (2) whether Defendant's conduct violated the TCPA's regulations. However, Plaintiff failed to provide any evidence to support these speculative and conclusory assertions. Plaintiff also failed to establish any specificity to what particular aspects of the TCPA regulations are common between the purported class members. Moreover, Plaintiff failed to provide any evidence that such common issues exist between class members. Speculative and unsupported assertions of commonality do not suffice to support a motion for class certification. *Adams v. R.R. Donnelley & Sons*, 2001 U.S.Dist. LEXIS 4247, * 43 (N.D.Ill.); *Reap v. Cont'l Cas. Co.*, 199 F.R.D. 536, 544 (D. N.J. 2001) (a "plaintiff is required to produce evidence, usually in the form of affidavits, statistical evidence, tending to show that the individual claims share questions of fact or law with the class claims").

Plaintiff has also failed to establish typicality. Plaintiff concludes that its claims against Bijora are typical of the claims held by members of the class because all arise from Bijora's alleged autodialing marketing campaign. Once again, Plaintiff's citation to boilerplate language

11

does not satisfy its burden. Plaintiff failed to submit any evidence to support that its claim is typical to those of other class members. Consequently, Plaintiff has failed to establish typicality. *Reap*, 199 F.R.D. at 544 (a plaintiff must produce evidence that its claims are "typical of those brought for the class" in order to meet her burden); *Blank v. Jacobs*, 2009 U.S. Dist. LEXIS 91605, *15-16 (E.D.N.Y.) (denying certification where plaintiff "fails to present any evidence of typicality through "affidavits, documents, or testimony.").

In finding that Plaintiff satisfied these requirements, the District Court cited that Plaintiff's claims are based on Bijora's text message marketing. However, this is not enough to establish these elements, and the cases cited by the District Court on these issues are cases where the plaintiffs submitted evidence to support their assertions and thus are not applicable here.

### 3. Plaintiff Failed To Establish Adequacy

Plaintiff has also failed to establish adequacy. A proposed named plaintiff must fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). One of the criteria for adequacy of representation is the "zeal and competence of the counsel and party who wish to prosecute the action." *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). In deciding whether a plaintiff is an adequate class representative, "a court must in the broadest sense be satisfied that the fiduciary duties and responsibilities of the class representative and class counsel will be conscientiously, fairly, and justly discharged in order to protect the interests of the class." *Ballan v. Upjohn Co.,* 159 F.R.D. 473, 479 (W.D. Mich. 1994).

Here Plaintiff failed to demonstrate her willingness to vigorously prosecute the class claims. In support of her claim that she is an adequate representative, Plaintiff merely concluded that she has no interests that conflict with the interests of class members. However, this conclusory and unsupported assertion does not establish that she is an adequate class representative. Plaintiff

12

provided no evidence that she has the knowledge, expertise or wherewithal to fairly and adequately protect their interests or the interests of any other person.

Certification also requires a showing by the named plaintiff that she has the capacity and willingness to bear the expenses of the class action. *Johnson v. Shreveport Garment Co.*, 422 F.Supp. 526 (W.D. La. 1976). Plaintiff submitted no evidence of her ability or willingness to bear the costs of this action. Plaintiff merely concluded that she would adequately represent the class because she has no interests that conflict with the interests of the class.

With regard to the Plaintiff's attorneys, the purported class attorneys must be shown to be qualified, experienced and generally able to conduct the proposed litigation. *Walsh v. Pittsburgh Press Co.*, 160 F.R.D. 527 (W.D. Pa. 1994). In order to certify a class, the Court must be convinced of the experience, competency and qualifications of plaintiff's attorneys. *Id.*; *Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 371 N.E.2d 634 (1977). Plaintiff's motion contained no evidence that her attorneys were sufficiently qualified, experienced or able to conduct the proposed class action litigation. In fact, in her motion Plaintiff merely concluded that she "has retained experienced counsel." (ECF 15 at ¶ 5). However, there was no support whatsoever provided for this conclusory assertion.

## B. Plaintiff Also Failed To Satisfy Rule 23(b)

To qualify for certification under Rule 23(b)(3), a class plaintiff must meet two additional requirements beyond Rule 23(a)'s prerequisites: (1) common questions must predominate over any questions affecting only individual members; and (2) class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). Here Plaintiff also failed to satisfy this requirement.

### 1. Plaintiff Failed To Establish Predominance

Plaintiff has failed to meet its burden of showing that common issues predominate here. In seeking class certification, Plaintiff has the burden of demonstrating that, as required by Rule 23(b)(3), "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Id.* The requirements of Rule 23(b)(3) are more demanding than those of Rule 23(a). *Gene and Gene*, 541 F.3d at 325; *Vigus,* 274 F.R.D. at 235-38; *G.M. Sign,* 2011 U.S. Dist. LEXIS 7084. The predominance inquiry requires a court to consider "how a trial on the merits would be conducted if a class were certified." *Id.*

Plaintiff failed to meet her burden of showing that common issues will predominate in this case. In fact, Plaintiff provided no evidence or analysis whatsoever on this issue that would allow the Court to determine if this element could be met. The District Court's finding of predominance was perfunctory and based on cases where evidence was submitted to support such claims and thus are easily distinguishable from this case.

### 2. Plaintiff Also Failed to Meet The Superiority Requirement

Plaintiff has also failed to establish superiority. Rule 23(b)(3) provides several non-exclusive factors to consider in the superiority inquiry:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

These factors however are "non-exclusive," and as part of its rigorous analysis "the court has discretion to consider other factors" when making a superiority determination. *Vasquez-Torres v. StubHub,* 2008 U.S.Dist. LEXIS 22503 (C.D.Cal.). The superiority requirement clearly militates against class certification where the potential adverse consequences – procedural unfairness and

14

undesirable results – outweigh perceived benefits. Class treatment is not a superior means of resolving a dispute whereas here individual inquires are needed on a material issue. *See Levitt*, 2007 U.S. Dist. LEXIS 83143, * 7-12.

Plaintiff concluded that a class action here is superior because consumers are unlikely to recognize the alleged violations, and consumers who bring similar claims would cause undue expense to the judiciary and efforts could lead to inconsistent results. However, these boilerplate, conclusory and unsupported arguments fail to satisfy Plaintiff's burden to establish superiority. The District Court's finding of superiority was again perfunctory and based on cases where evidence was submitted to support such claims and thus have no application to this case.

## 3. THE DISTRICT COURT ABUSED ITS DISCRETION IN REFUSING TO ALLOW CLASS DISCOVERY

Prior to certification of a class, it is proper for a court to allow discovery before determining whether the prerequisites of Rule 23 are satisfied. *Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 571 (2nd Cir. 1982). "A district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of numerosity, typicality, commonality of question, and adequacy of representation have been met." *Id.* Certification must be based on something more than the pleadings. *Id.* Therefore, the District Court should have permitted Bijora the right to take discovery on the class issues before it certified the class. The District Court's refusal to allow Bijora to conduct discovery to respond to Plaintiff's motion was on abuse of discretion. *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13 (2nd Cir. 2003); *Duke v. Univ. of Texas,* 729 F.2d 994, 997 (5th Cir. 1984); *Walker v. World Tire Corp.,* 563 F.2d 918, 921 (8th Cir. 1977); *Folding Cartons, Inc. v. American Can Co.*, 79 F.R.D. 698 (N.D. Ill. 1978) (role of district court, amid procedural complexities surrounding class certification, is to assure that all relevant data necessary for the fashioning of an informed

15

decision are laid before the bench; to achieve that goal an extensive period of discovery is vital);

*Rhodes,* 213 F.R.D. at 673 (when performing rigorous analysis of arguments offered in support

of certification of class, the court is not limited solely to substance of parties' pleadings and court

should allow parties to conduct discovery and adduce evidence relevant to class certification

issue); *In re Tri-State Crematory Litigation,* 215 F.R.D. 660 (N.D. Ga. 2003).

## 4. AN EVIDENTIARY HEARING SHOULD HAVE BEEN CONDUCTED PRIOR TO CERTIFICATION

While an evidentiary hearing is not always required, district courts should ordinarily conduct

an evidentiary hearing on the question of class certification. *Merill v. Southern Methodist Univ.*,

806 F.2d 600, 608 (5th Cir. 1986); *Morrison v. Booth*, 730 F.2d 642 (11th Cir. 1984); *King v. Gulf*

*Oil Co.*, 581 F.2d 1184 (5th Cir. 1978); *Madison v. Mississippi Medicaid Commission*, 86 F.R.D.

178 (N.D. Miss. 1980) (although in rare instances maintainability of class action may be

determined on basis of pleadings if there is any genuine doubt with respect to propriety of class

action, preliminary evidentiary hearing is essential). Bijora requested an evidentiary hearing

prior to certification. (ECF 46 at p. 10). The District Court ignored Bijora's request.

## 5. THE DISTRICT COURT ABUSED ITS DISCRETION IN ALLOWING PLAINTIFF TO AMEND HER COMPLAINT AFTER CERTIFICATION BRIEFING WAS COMPLETED

While leave to amend a complaint should usually be freely given, it should not be given

where there would be prejudice to the opposing party. *Sanders v. Venture Stores Inc.,* 56 F.3d

771, 773 (7th Cir. 1995); *In re TFT-LCD,* 2011 U.S. Dist. LEXIS 84476, *23 (N.D.Ca.); *Polo v.*

*Goodings Supermarkets, Inc.*, 232 F.R.D. 399 (M.D. Fla. 2004) (leave to amend complaint

denied where amended complaint sought to substitute revised class definition). Here, Bijora was

prejudiced by the Court allowing Plaintiff's amendment since it did so after Bijora had filed its

response to Plaintiff's motion for class certification that was based on the class definition in the complaint and class certification briefing was closed.

## 6. THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING BIJORA'S MOTION TO STRIKE AND ALLOWING PLAINTIFF'S NEW REPLY EVIDENCE AND ARGUMENTS

"The moving party in a motion cannot submit new information as part of its reply." *Sweet v. Pfizer*, 232 F.R.D. 360, 364 (C.D. Cal. 2005). Arguments made for the first time in reply briefs should be properly treated as waived. *U.S v. Diaz,* 533 F.3d 574, 577 (7th Cir. 2008); *Stump v. Gates,* 211 F.3d 527, 533 (10th Cir. 2000). This is because doing so does not give an adversary an adequate opportunity to respond. *Citizens Against Ruining the Environment v. EPA,* 535 F.3d 670, 676 (7th Cir. 2008). Likewise a deficient discussion in an opening brief cannot be cured by lengthier treatment in a reply brief. *Id.* at 675. "The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court." *U.S. v. Feinberg,* 89 F.3d 333, 341 (7th Cir. 1996).

A district court has the discretion to consider legal issues raised for the first time in a reply only if the opposing party is given an opportunity to respond. *Glenn K. Jackson, Inc. v. Roe,* 273 F.3d 1192, 1202 (9th Cir. 2001). When considering a motion for class certification, a court may properly exercise its discretion to consider evidence submitted with the reply only when the opposing party has received notice and an opportunity to respond to the new material. *Almaraz v. Healthcare,* 2010 Cal. App. LEXIS 9046, *41-42 (Cal.App.). When new evidence is presented in a reply brief or affidavit, the district court should strike the new material, or if it considers it must permit the nonmoving party to respond prior to disposition of the motion. *Baugh v. City of Milwaukee*, 823 F.Supp. 1452, 1457 (E.D.Wis. 1993).

Here the District Court erred by considering the new materials and failing to give Bijora the opportunity to respond. The District Court reasoned that the prejudice to Bijora "could be cured

17

by granting Bijora the opportunity to file a surreply." (A005). However, the District Court never granted leave to file a surreply. The District Court held that Bijora "failed to seek leave to file a sur-reply", but there was no requirement that Bijora do so. There is no authority cited by the District Court that Bijora had the obligation to do so, and such would be counterintuitive given that Plaintiff, not Bijora, caused the situation by filing a deficient motion. Also, the District Court's conclusion that Bijora did not want to file a surreply is unsupported and wrong. What Bijora stated was that it should not be forced to file a motion for leave to file a surreply. Contrary to the District Court's conclusion, the proper way of handling Plaintiff's improper reply was to strike the new evidence and arguments advanced by Plaintiff in its reply, or if it was going to consider the evidence, to enter an order granting Bijora leave to file a surreply before ruling on the certification motion. Instead, the District Court simultaneously denied Bijora's motion to strike and granted Plaintiff's motion for class certification.

## RELIEF REQUESTED

For all of the foregoing reasons, this Court should grant Defendant-Petitioner permission for leave to appeal pursuant to Rule 23(f) from the District Court's order granting class certification entered on March 22, 2012 and upon a full consideration, reverse the order of class certification and remand for further proceedings.

Respectfully submitted,

/s/ James K. Borcia
James K. Borcia
David O. Yuen
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000
Attorneys for Defendant-Petitioner Bijora, Inc.

18

**Mary Ann Contino**

| | |
|---|---|
| From: | usdc_ecf_ilnd@ilnd.uscourts.gov |
| Sent: | Tuesday, March 20, 2012 8:57 AM |
| To: | ecfmail_ilnd@ilnd.uscourts.gov |
| Subject: | Activity in Case 1:11-cv-03468 Strickler v. Bijora, Inc. order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 5.0.3

### Notice of Electronic Filing

The following transaction was entered on 3/20/2012 at 8:56 AM CDT and filed on 3/15/2012
**Case Name:** Strickler v. Bijora, Inc.
**Case Number:** 1:11-cv-03468
**Filer:**
**Document Number:** 67

**Docket Text:**
**OPINION AND ORDER. Signed by the Honorable Charles R. Norgle, Sr on 3/15/2012. (ph, )**

**1:11-cv-03468 Notice has been electronically mailed to:**

James Kenneth Borcia    jborcia@tresslerllp.com, cclose@tresslerllp.com, dmaddox@tsmp.com, dyuen@tresslerllp.com, tresslerdocket@tresslerllp.com

Joseph Shaw Messer    messer@messerstilp.com

**1:11-cv-03468 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=3/20/2012] [FileNumber=9903209-0
] [5424a95208d7c36ef9d02665544e8b74bc02fdf2ae727f1e190e4107553c27459cb
a12ec09fb5eb8d939c2c33a36e4b1786f97047e8a93dbdf2a8dcc49d0ac0f]]

1

A001