UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.0.3
Eastern Division

Nicole Strickler
                Plaintiff,

v.                                    Case No.: 1:11–cv–03468
                                         Honorable Charles R. Norgle Sr.

Bijora, Inc., et al.
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, May 8, 2012:

      MINUTE entry before Honorable Jeffrey Cole: Motion hearing held. Status hearing held and continued to 5/15/2012 at 9:30 am. Mr. Borcia fails to appear. His associate represented that he is out of town and that no one else is working on the case with him and thus, no one could appear in Mr. Borcia's place who actually had knowledge of the case. At the hearing today, Mr. Borcia's associate relayed his current position that it would be too burdensome to produce the thousands of consent forms. That is a new position and one that, even accepting Mr. Borcia's associate's representations at face value, does not qualify as "unduly burdensome" within the meaning of as true, representations of defendant's counsel as true, this is not an unburdensome production. In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 351, 356 (N.D.Ill. 2005). The conduct of the defendant in discovery thus far has been unresponsive and has not been conducted in the cooperative and responsible manner the discovery rules of the Federal Rules of Civil Procedure require. See Rule 37, Federal Rules of Civil Procedure; Harrington v. City of Chicago, 433 F.3d 542 (7th Cir.2006); Zenith Electronics Corp. v. WH–TV Broadcasting Corp., 395 F.3d 416 (7th Cir.2005); Johnson v. J.B. Hunt Transport, Inc., 280 F.3d 1125, 1132 (7th Cir. 2002); Newman v. Metropolitan Pier & Exposition Authority, 962 F.2d 589 (7th Cir. 1992); Airtex Corp. v. Shelley Radiant Ceiling Co., 536 F.2d 145, 155 (7th Cir. 1976); Stingley v. City of Chicago, 2009 WL 3681984, 2 (N.D.Ill.2009) (collecting cases). Plaintiff's motion to compel [91] is granted, including attorneys' fees. Prior orders of this court made explicit that all discovery motions would be decided against the backdrop of Rickels v. City of South Bend, Ind., 33 F.3d 785, 786–87 (7th Cir. 1994): 'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original). See also United States Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 955 (2nd Cir.1983)(General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter other parties to other lawsuits from flouting other discovery orders of other district courts. ). The defendant apparently did not take that warning seriously. Defendant shall produce immediately and on a rolling basis all forms that show that consent was given and

that are the subject of the motion to compel. Defendant's motion for protective order [77] is denied without prejudice since no protective order accompanied the motion and obviously, without knowing what provisions the defendant believes should be included, the motion cannot be entertained. All fact discovery shall be completed by 11/9/2012.Mailed notice(jms, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.