# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NICOLE STRICKLER, an individual, )
on behalf of herself and the class members )
described below, )
)
          Plaintiff, ) Civil Action No. 11 CV 3468
)
v. ) Hon. Charles R. Norgle
)
BIJORA, INC. doing business as AKIRA, )
an Illinois Corporation, and )
OPT IT, INC., an Illinois Corporation. )
)
          Defendants. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

    Before the Court is Defendant Bijora, Inc.'s ("Bijora") motion to dismiss Plaintiff Nicole Strickler's ("Plaintiff") second amended class action complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## I. BACKGROUND

    On May 24, 2011, Plaintiff initiated this putative class action against Defendant, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. On March 15, 2012, the Court granted Plaintiff's motion for class certification, and certified the following class:

> Consisting of all persons with Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action, received automated texts from Defendant. These persons include the following subclasses:
>     a. persons who received the texts without first giving express consent;
>     b. persons who received texts that did not contain an opt-out option; or

  c. persons who received the texts and subsequently attempted to get onto an entity-specific no-not-call list.

Opinion and Order at 12-13, Mar. 15, 2012. Subsequently, Plaintiff filed a motion for leave to file a second amended complaint, in order to expand her claims against Defendant and to add an additional defendant, Opt It., Inc. The Magistrate Judge granted Plaintiff leave to file a second amended complaint on April 3, 2012.

  Plaintiff's second amended class action complaint alleges that Defendant sent en masse unsolicited text messages—advertising its products, goods, and/or services—to her and other consumers' cellular telephones in violation of the TCPA. Plaintiff alleges that beginning in late September 2009 through July 2011, Defendant sent over fifty text messages to her cellular telephone. Plaintiff also seeks to represent a class "consisting of all persons with Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action, received texts from Bijora sent using an automated telephone dialing system." Second Am. Compl. - Class Action Matters Common to Multiple Claims ¶ 51. Plaintiff now alleges two subclasses: (1) "persons who received a text without first giving express consent"; and (2) "persons who received a text, responded to the text asking that the texts cease, and received a subsequent text from Bijora." Id.

  Defendant's motion to dismiss is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

  To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556). In other words, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Id. (internal quotation marks and citation omitted). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id. (quoting Twombly, 550 U.S. at 556). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in her favor." Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., 657 F.3d 496, 502 (7th Cir. 2011) (internal quotation marks and citation omitted). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (quoting Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 694 (7th Cir. 1999)).

**B. Motion to Dismiss**

Defendant advances three bases for dismissal of Plaintiff's putative class action complaint: (1) that the TCPA does not apply to text messages; (2) that, as applied here, the TCPA violates the First Amendment; and (3) that the complaint fails to satisfy pleading requirements under Twombly and its progeny. Because "federal courts are supposed to explore

3

all non-constitutional grounds of decision first, to ensure against unnecessary constitutional adjudication," Ameritech Corp. v. McCann, 403 F.3d 908, 911 (7th Cir. 2005) (citations omitted), the Court first considers Defendant's argument regarding the sufficiency of the complaint under Rule 12(b)(6).

*1. Sufficiency of the Complaint*

Defendant argues that Plaintiff's complaint is deficient for a multitude of reasons. The Court observes that "the shotgun inclusion of issues may be the basis of hitting the target with something but still runs the risk of obscuring the significant issues by dilution." United States v. Levy, 741 F.2d 915, 924 (7th Cir. 1984); see also Moore v. Vital Prods., Inc., 641 F.3d 253, 259 (7th Cir. 2011). First, Defendant argues that Plaintiff's putative class action complaint should be dismissed because Plaintiff fails to allege details regarding each text message allegedly sent. Citing Abbas v. Selling Source, LLC, No. 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009), Defendant contends that because Plaintiff seeks recovery for each violation of the TCPA, she is required to allege the content and dates of all fifty-plus text messages she allegedly received.

In Abbas, the court determined that although the plaintiff alleged facts about the initial, offending message he allegedly received, he failed to provide any notice regarding "numerous" subsequent messages. 2009 WL 4884471, at *2. The court noted that there were no allegations "regarding when Abbas received the later messages, what those messages stated, or from what numbers he received the later messages." Id. The Court disagrees with the Abbas court to the extent that it concludes that notice pleading requires a plaintiff alleging a TCPA violation to plead details about every text message allegedly sent. Here, Plaintiff alleges that she received

4

over fifty offending text messages between September 2009 and July 2011, and provides specific dates and content for sixteen of those messages. These allegations are sufficient to provide Defendant with fair notice of what the claim is and the grounds for relief.

Next, Defendant argues that Plaintiff fails to allege any facts to support the conclusory allegation that Defendant used an automatic telephone dialing system to send the text messages. Defendant also argues that Plaintiff fails to allege that the text messages were sent using a random or sequential number generator. The TCPA restricts the use of automated telephone equipment, 47 U.S.C. § 227(b), and defines the term "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers," Id. § 227(a)(1). Here, Plaintiff alleges that she received over fifty text messages about Defendant's "property, goods, and/or services." Second Am. Compl. - Class Action Matters Common to Multiple Claims ¶¶ 19, 21. It can be inferred that the messages were sent en masse given the alleged content of the messages targeting "Ladies!" (not specific individuals) and advertising "Blowout!" sales, fashion shows, and parties. Id. ¶¶ 20, 22-24, 28-30. Viewed in the light most favorable Plaintiff, these allegations plausibly suggest that Defendant used an automatic telephone dialing system. See Abbas, 2009 WL 4884471, at *3. It would be unreasonable to require a plaintiff with a TCPA claim to allege details regarding the system used to send offending communications. Torres v. Nat'l Enter. Sys., Inc., No. 12 C 2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012).

Defendant also complains that certain paragraphs in Plaintiff's putative class action complaint are vague, and that the complaint contains contradictory and irrelevant allegations.

5

Not so. According to Defendant it cannot discern whether the following paragraphs refer to it or to co-defendant Opt It, Inc.:

> 9. Opt It, Inc. utilizes its automated telephone dialing system to communicate directly on its own behalf with consumers.
> 19. After October 23, 2009, Bijora continued text-messaging Plaintiff about sales and offers. Despite her request not to be contacted, Defendant continued to send texts to Plaintiff about its property, goods and/or services.

Second Am. Compl. - Class Action Matters Common to Multiple Claims ¶¶ 9, 19. Neither paragraph is vague; rather, it is clear that paragraph 9 refers to Opt It, Inc., while paragraph 19 refers to Defendant. As such, this argument is without merit.

Additionally, Defendant's argument that Plaintiff's allegations regarding the number of class members is vague and contradictory is likewise without merit. Plaintiff identifies subgroups within the class, each with a different number of class members. This is not inconsistent, contradictory, or vague. To the extent that the complaint contains irrelevant material—Defendant does not identify, which, if any, allegations are irrelevant—dismissal is inappropriate. United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) ("A district court is not 'authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading.'" (quoting Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001)). Indeed, "[i]nstead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case." Id.

Further, Defendant asserts that the Court should not accept as true Plaintiff's allegations based upon "information and belief." It appears that Defendant is arguing that Plaintiff's allegation of class size based solely upon "information and belief" is improper under Twombly

and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). This argument is undeveloped and is otherwise off point. To the extent that Defendant is arguing that Plaintiff has not adequately pleaded class size, this is "simply another way of arguing that the plaintiff has failed to satisfy the numerosity requirement under Rule 23(a)," which "is not a proper subject for a motion to dismiss." Holtzman v. Caplice, No. 07 C 7279, 2008 WL 2168762, at *2-3 (N.D. Ill. May 23, 2008).

Finally, Defendant argues that the complaint should be dismissed because Plaintiff fails to allege that she was charged for the subject texts. The TCPA prohibits the use of an automatic telephone dialing system or an artificial or prerecorded voice to make non-emergency calls "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). According to Defendant, to state a claim under this section, Plaintiff must plead that she was charged for the subject text messages. Defendant, however, cites no authority to support its position. It is not the Court's responsibility "to make arguments for the litigants." Keller v. United States, 58 F.3d 1194, 1198-99 (7th Cir. 1995) (citing Beard v. Whitley County REMC, 840 F.2d 405, 408-09 (7th Cir. 1988)). Indeed, as Plaintiff points out, courts in this District have concluded that the TCPA does not require allegations that the plaintiff was charged for the call. Lozano v. Twentieth Century Fox Film Corp., 702 F. Supp. 2d 999, 1009-10 (N.D. Ill. 2010); Martin v. Leading Edge Recovery Solutions, LLC, No. 11 C 5886, 2012 WL 3292838, at *4-5 (N.D. Ill. Aug. 10, 2012); Abbas, 2009 WL 4884471, at *2-3. Although not binding on the Court, this authority is persuasive. The Court finds that the plain language of the TCPA does not require Plaintiff to allege that she was charged for the subject text messages in order to state a claim pursuant to § 227(b)(1)(A)(iii).

Accordingly, Plaintiff's allegations are sufficient to withstand Defendant's motion to dismiss.

### 2. *Whether the TCPA applies to text messages*

Defendant argues that the TCPA does not apply to text messages because it "amounts to a de facto and inappropriate extra-legislative amendment of the statute." Def. Bijora, Inc.'s Mem. of L. in Supp. of its Mot. to Dismiss 4. The Court disagrees. The TCPA provides that it is "unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States" to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). The Federal Communications Commission (FCC) interprets the term "call" to "encompass[] both voice calls and text calls to wireless numbers." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd. 14014, 14115 para. 165 (2003); see also FCC Enforcement Advisory No. 2012-06, 2012 FCC LEXIS 3863, at *13-14 (Sept. 11, 2012).

Defendant argues that the FCC's interpretation is entitled to no deference by the Court because it was issued without notice for comment and otherwise contradicts the TCPA. According to Defendant, the term "call" refers only to an oral communication and cannot include text communication because the technology did not exist when Congress enacted the TCPA in 1991. Defendant also contends that because text messages are materially different from oral calls the underlying policies in enacting the TCPA do not apply to text messages. Nearly identical arguments were raised and rejected in Lozano.

There, the court declined to afford complete deference to the FCC's interpretation

because it was issued without clear notice. Lozano, 702 F. Supp. 2d at 1006. However, the court determined that the interpretation was "reasonable and consistent with the language and purpose of the TCPA," finding the FCC's interpretation persuasive. Id. The court analyzed the definition of the term "call," and determined that the term is not limited to oral telephone calls. Id. at 1006-07. Indeed, the court recognized that statutes "must be permitted to apply to technologies not in existence when a statute was drafted." Id. at 1007 (citing Squillacote v. United States, 739 F.2d 1208, 1213 (7th Cir. 1984)). The court also analyzed the legislative history of the TCPA and agreed with the Ninth Circuit's conclusion in Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009), that, "'[t]he purpose and history of the TCPA indicate that Congress was trying to prohibit the use of [automatic telephone dialing systems] to communicate with others by telephone in a manner that would be an invasion of privacy' and therefore 'a voice message or text message are not distinguishable in being an invasion of privacy.'" Id. (quoting Satterfield, 569 F.3d at 954) (alterations in original). The Court agrees with the reasoning set forth in Lozano. An independent review of the language and purpose of the TCPA support these conclusions. The TCPA was enacted in response to the proliferation of intrusive, nuisance calls to Americans from commercial telemarketers. Telephone Consumer Protection Act of 1991, Pub. L. 102-243 § 2, 105 Stat. 2394 (1991) (codified as amended at 47 U.S.C. §§ 227, 152 & 331 (2006)). The Court finds that the purpose of the TCPA in protecting consumers from the nuisance and privacy invasion of unrestricted automated telemarketing, see id., applies with equal force to automated text messages.

Defendant further argues that the TCPA does not apply to text messages because

proposed legislation would have amended the TCPA to apply to text messages and because the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701, et seq., applies explicitly to text messages. These arguments are without merit. "Subsequent legislation provides at best an uncertain indicator of previous congressional intent; all the more uncertain here, where the later Congress specifically disavowed any inferences to be drawn from its enactment." Abbas, 2009 WL 4884471, at *5 (internal citation omitted). Additionally, "[p]roposed legislation is even further removed than subsequent legislation from the meaning of the original statute, given the uncertainty that it will ever be enacted, so a proposal by two senators to amend the TCPA to apply to SMS messages explicitly is of no force in interpreting congressional intent in enacting the TCPA eighteen years ago." Id. (internal citations omitted). Accordingly, the Court rejects Defendant's interpretation of the TCPA as too restrictive, and finds that the language of the TCPA and its legislative history support the conclusion that the term "call" encompass both oral calls and text messages.

### 3. First Amendment

Defendant argues that § 227 (b)(1)(A)(iii) as applied to text messages violates the First Amendment. As an initial matter, the Court notes that the constitutionality of the TCPA as applied to text messages has been challenged and upheld in several courts in this District. Green v. Anthony Clark Int'l Ins. Brokers, Ltd., No. 09 C 1541, 2010 WL 431673, at *1 (N.D. Ill. Feb. 1, 2010); Abbas, 2009 WL 4884471, at *7-9. Here, Defendant argues that the government has not met its burden of presenting evidence to justify a time, place, manner restraint on speech. The government may impose such restrictions provided that: (1) they are content-neutral, (2) they

are narrowly tailored to serve a significant government interest, and (3) they leave open ample alternative channels for communication of the information. Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989); Horina v. City of Granite City, Ill., 538 F.3d 624, 631 (7th Cir. 2008) (citations omitted).

Defendant claims that in enacting the TCPA, Congress did not and could not articulate any interest in support of the application of § 227 (b)(1)(A)(iii) to text messages because the technology did not exist in 1991, when the law was passed. The Court rejects this argument. In enacting the TCPA, Congress articulated a substantial interest in protecting telephone consumers from the proliferation of intrusive, nuisance calls from commercial telemarketers. Telephone Consumer Protection Act § 2. Congress noted an inundation of consumer complaints about unsolicited telemarketing calls, finding that the complaints stemmed from: (1) the increasing number of telemarketing firms; and (2) the advance of technology, which made automated phone calls a cost-effective method of reaching potential customers. S. Rep. 102-178, at 1-2 (1991), *as reprinted in* 1991 U.S.C.C.A.N. 1968, 1969; see also H.R. Rep. 102-317, at 7-8, 18 (1991). Congress also expressed concern about telemarketing practices to the extent that they shift the cost of advertising from the sender to the recipient. See H.R. Rep. 102-317, at 10. Congress further found that consumers were "helpless to prevent such unwanted telemarketing calls, and were particularly unable to stop the calls via direct requests to the telemarketers themselves." Abbas, 2009 WL 4884471, at *7 (citing S. Rep. 102-178, at 1). These substantial government interests apply to both oral calls and text messages. Id. at *8.

Defendant next argues that the TCPA is overbroad as applied to "situations in which no

reasonable expectation of privacy existed (*e.g.* when a cell phone user was on the train, at a restaurant, etc.)." Def. Bijora, Inc.'s Mem. of L. in Supp. of its Mot. to Dismiss 9. This single-sentence argument is undeveloped and without merit. A restriction is narrowly tailored if it "promotes a substantial government interest that would be achieved less effectively absent the [restriction]." Weinberg v. City of Chi., 310 F.3d 1029, 1040 (7th Cir. 2002) (citing Ward, 491 U.S. at 799). Although Congress is not required to choose the least restrictive method for achieving its goal, it cannot substantially burden more speech than necessary. Id. (citing Ward, 491 U.S. at 799-800).

The TCPA, as applied to text messages, advances substantial government interests in protecting consumers from telemarketing abuses by restricting certain commercial solicitation and advertising uses of the telephone and related telecommunications equipment. Indeed, "[r]educing the number of unsolicited calls results in less invasion of privacy for consumers," and directly advances the government interests. Lozano, 702 F. Supp. 2d at 1011. Further, "Congress anticipated that advancements in technology would allow telemarketers to employ new and more sophisticated ways of auto-dialing large lists of numbers." In re Jiffy Lube Int'l, Inc., Text Spam Litig., 847 F. Supp. 2d 1253, 1261 (S.D. Cal. 2012) (internal quotation marks and citation omitted). Such is the case here. The advance in telephone technology makes automated solicitation through text messaging both inexpensive and efficient. Thus, absent the restriction, the government interests would be achieved less effectively because consumers would not be protected from the proliferation of intrusive, nuisance text messages. As applied here, the TCPA is a sufficiently narrow law necessary to promote the government's legitimate interests.

Finally, Defendant argues that applying § 227(b)(1)(A)(iii) to text messages does not leave ample alternative channels of communication. The Court disagrees. "An adequate alternative does not have to be the speaker's first or best choice, or one that provides the same audience or impact for the speech." Gresham v. Peterson, 225 F.3d 899, 906 (7th Cir. 2000) (internal citations omitted). As applied here, the TCPA prohibits the use of an automatic telephone dialing system to send text messages to cell phones and other mobile services subject to two exceptions: (1) calls made for emergency purposes; and (2) calls made with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii). The TCPA does not act as a total ban on sending commercial text messages. "Advertisers remain free to contact their target audience using other methods of communication in order to solicit their consent, including such options as sending direct mail, telemarketing, and interacting with customers in retail stores." Centerline Equip. Corp. v. Banner Pers. Serv., Inc., 545 F. Supp. 2d 768, 777 (N.D. Ill. 2008) (citing Missouri ex rel. Nixon v. Am. Blast Fax, Inc., 323 F.3d 649, 659 (8th Cir. 2003)); see also Abbas, 2009 WL 4884471, at *8 ("Congress left open to telemarketers and others covered by the TCPA non-automated, live methods of communication." (citation omitted)). As such, the TCPA leaves open multiple feasible alternative channels for communication. Accordingly, the Court finds that the TCPA as applied to text messages meets the requirements of a time, place or manner regulation of protected speech.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge

United States District Court

DATED: October 30, 2012