IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE BLOW, on behalf of herself and the class members described below, ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:11-cv-03468 |
| vs. ) ) | |
| BIJORA, INC. doing business as AKIRA, and Illinois Corporation, ) ) ) | |
| Defendant, ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT AND NOTICE OF VOLUNTARY DISMISSAL**

Plaintiff, Nicole Blow, by and through their undersigned counsel, hereby responds to the Motion to Strike Plaintiff's Third Amended Complaint and Notice of Voluntary Dismissal filed by Defendant, Bijora, Inc. d/b/a Akira, and in opposition thereto states as follows:

I. **Plaintiff Glasson Was Properly Dismissed as a Plaintiff Pursuant to Rule 41(a)(1) as Defendant Never Filed an Answer or Motion for Summary Judgment to Any of Her Claims.**

A "Plaintiff may dismiss his suit pursuant to Fed. R. Civ. P. 41(a)(1)(A) as a matter of right. *Banks v. Emmanuel*, 2012 U.S. Dist. LEXIS 69697 (N.D. Ill. May 4, 2012). Where a plaintiff files a motion or notice of voluntary dismissal before any responsive pleading is filed, the dismissal is self-executing and automatically effects dismissal of the case. *Edwards-Brown v. Crete-Monee 201-U Sch. Dist.*, 491 Fed. Appx. 744, 746 (7th Cir. Ill. 2012); *see also, McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985) (Rule 41(a)(1) allows a plaintiff to "dismiss without the court's

1

permission, and without prejudice to his being able to bring a new suit, if the defendant has not yet answered the complaint or moved for summary judgment.")

Defendant's assertion that "Defendant already filed an Answer to Plaintiff's previous complaint" is not only misleading but patently false. Defendant has never in the course of this case filed an answer to Plaintiff Glasson's Complaint. Instead, Defendant filed an answer to a complaint filed by a prior plaintiff, Nicole Strickler. Plaintiff Strickler was terminated as a party on April 26, 2013. Plaintiff Glasson was substituted into the case on the same date with an amended complaint. Thus, because Defendant had never filed an answer to the action filed by Plaintiff Glasson, she could dismiss as a matter of right.

Defendant's citation to inapplicable, out of circuit case law, is neither controlling nor helpful. None of the cases cited by Defendant involve the filing of a complaint by a new plaintiff in the action. To the contrary, the cases cited by Defendant involve the same parties. For example, in *Tedeschi*, plaintiff filed an original complaint, defendants filed an answer and motion for summary judgment, and then plaintiff filed an amended complaint which "accomplished only very minor corrections, typographical errors and inclusion of a document." *Tedeschi v. Barney*, 95 F.R.D. 182, 183 (S.D.N.Y. 1982). The *Tedeschi* Court denied plaintiff's subsequent request to dismiss under Rule 41(a)(1) because an amended complaint on its own could not give plaintiff the unilateral right thereafter to dismiss under Rule 41(a)(1). Likewise, in *Armstrong v. Grostie Co.*, 453 F.2d 914 (4th Cir. 1971), and *Quick v. EMCO Enterprises, Inc.*, 251 F.R.D. 371 (S.D. Iowa 2008), plaintiffs

2

filed an original complaint, the defendant filed an answer, and the plaintiffs filed an amended complaint followed by a voluntary dismissal.

In the present case, Plaintiff Glasson is a completely new plaintiff, who has filed one complaint, to which an answer or motion for summary judgment was never filed. As a result, the out of circuit cases cited by Defendant are inapplicable and the Court should decline to strike Plaintiff Glasson's voluntary dismissal.

## II. Alternatively, Dismissal Under Rule 41(a)(2) Would Nonetheless Be Appropriate As Plaintiff Was Only a Party for Two Months.

Should the Court determine, however, that dismissal under Rule 41(a)(1) is not appropriate, dismissal would nonetheless be appropriate under 41(a)(2). It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Laboratories, Inc. v. Koppers Co.*, Inc., 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Tyco Laboratories*, 627 F.2d at 56.

Here, Plaintiff Glasson substituted in as one of two lead plaintiffs on April 26, 2013. *See*, D.E. 63. Her request to dismiss was filed June 28, 2013, approximately two months later. Between substitution and her notice of dismissal, Plaintiff's counsel received discovery from third party Opt It, Inc., which showed

that Plaintiff was not a proper class representative in that she did not receive the specific text messages at issue. As a result, Plaintiff voluntarily chose to dismiss her claim. Plaintiff's claim was only pending for a little over two months.

Defendant has no good faith basis to object to Plaintiff Glasson's notice of dismissal. Defendant has spent no time in preparing for trial against Plaintiff Glasson's claims. She has not been deposed. She has not answered written discovery. She has not propounded any discovery on Defendant. Defendant has never filed an answer to her claims or a motion for summary judgment. The only action Defendant has taken relevant to Plaintiff Glasson is to file a motion for a more definite statement. Further, Plaintiff Glasson dismissed her cause of action immediately upon receiving and analyzing the information received from Opt It, Inc. Thus, Plaintiff Glasson would be properly dismissed under Rule 41(a)(2), and in the alternative, Plaintiff requests that the Court does so.

### III. Defendant's Request to Strike Plaintiff's Third Amended Complaint Should Be Denied Because Its Filing Comports With the Court's Prior Order of May 24, 2013.

Defendant's objection to Plaintiff filing a revised Third Amended Complaint with the requisite detail requested by Defendant is frivolous. Defendant initially filed a motion to dismiss on May 5, 2013 complaining that Plaintiff did not plead the content of the text messages at issue. *See*, D.E. 166-67. The Court granted Defendant's motion in part and ordered Plaintiff to file "a more definite statement" on May 24, 2013. See, D.E. 172. Commonly, after being ordered to file a more definite statement, a plaintiff complies by filing an amended complaint with the

4

...

requested detail. *See, e.g.*, *1st Source Bank v. Firstsource Solutions Ltd.*, 2013 U.S. Dist. LEXIS 59209 (N.D. Ind. Apr. 24, 2013) (discussing request by defendant that plaintiff file "an amended complaint making a more definite statement of its claims" under Rule 12(e)); *Jones v. Ass'n of Flight Attendants*, 2012 U.S. Dist. LEXIS 115672 (N.D. Ill. Aug. 16, 2012) (recognizing a more definite statement can be in the form of an amended complaint); *Mid Cent. Operating Eng'rs Health & Welfare Fund v. Tobin Excavating, Inc.*, 2011 U.S. Dist. LEXIS 137997 (C.D. Ill. Nov. 30, 2011) (same). Here, recognizing that a more definite statement can be in the form of an amended complaint, Plaintiff filed a revised Third Amended Complaint. The revised Third Amended Complaint complies with the Court's order in that it provides requisite detail of the text messages. Also, in providing the detail as to each text message received by Plaintiff, Plaintiff has done exactly what Defendant claimed it needed to do in its original motion. As a result, there is no reason for Defendant to complain. In the alternative, however, Plaintiff respectfully requests that should the Court find that Plaintiff's revised Third Amended Complaint did not comport to the Court's ruling, that the Court order that the revised Third Amended Complaint be deemed a Fourth Amended Complaint. Further, Plaintiff asks the Court to order Defendant to respond thereto within fourteen days.

Respectfully submitted,


By: s/ Joseph S. Messer
Joseph S. Messer
Attorney # 6200036
Attorney for Plaintiffs
Messer & Stilp, Ltd., #36703
166 W. Washington, Suite 300
Chicago, Illinois 60602
(312) 334-3476
Messer@messerstilp.com


## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2013, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such fling to the following:

James Kenneth Borcia
Attorney for Bijora, Inc.

By: s/ Joseph S. Messer
Joseph S. Messer
Attorney # 6200036
Attorney for Plaintiffs
Messer & Stilp, Ltd., #36703
166 W. Washington, Suite 300
Chicago, Illinois 60602
(312) 334-3476
Messer@messerstilp.com