

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NICOLE BLOW, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BIJORA, INC., doing business as AKIRA, an Illinois Corporation,<br><br>    Defendants. | Civil Action No. 11 CV 3468<br><br>Hon. Charles R. Norgle |
| BIJORA, INC., doing business as AKIRA, an Illinois Corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>OPT IT, INC., an Illinois Corporation,<br><br>    Third-Party Defendant. | |

## ORDER

Plaintiff's Motion to Reconsider [416] is denied.

## STATEMENT

    Before the Court is Plaintiff Nicole Blow's ("Plaintiff") motion to reconsider the Court's earlier grant of summary judgment against Plaintiff, pursuant to Federal Rule of Civil Procedure 59(e). Defendant Bijora, Inc., doing business as Akira ("Defendant") has filed a response to Plaintiff's motion. For the following reasons, Plaintiff's motion is denied.

    While Rule 59(e) allows parties to move the Court to alter or amend a judgment, the Court has discretion to modify the judgment only when the judgment incorporated a manifest error of law or did not consider new evidence that was unavailable pre-judgment. See Seng-Tiong Ho v. Taflove, 648 F.3d 489, 505 (7th Cir. 2011). Rule 59(e) motions cannot be used to correct earlier procedural errors, rehash old arguments, or advance new legal theories. See United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010). The decision to grant relief under Rule 59(e) is committed to the sound discretion of the Court. In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

    The facts of this case have been stated previously by the Court in its February 4, 2016 Order, and the Court will not restate them, except to provide context for the analysis of Plaintiff's motion. In Answers filed July 15, 2011 (original complaint) and September 15, 2011 (first amended complaint), Defendant stated that it had no knowledge to admit or deny whether the text-message-marketing platform that it used constituted an automatic telephone dialing system ("ATDS") as

defined by the Telephone Consumer Protection Act ("TCPA"). See 47 U.S.C. § 227(a)(1). Later, on March 20, 2012, Defendant responded to Plaintiff's propounded discovery, which included interrogatories, requests for production of documents, and eighteen requests to admit facts. Four of these requests were substantively identical, and differed only in the number of individuals that were contemplated by the request. Specifically, the four requests stated:

> There are more than [###] individuals with cellular telephones with Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, 872) to whom, on or after a date four years prior to the filing of this action and on or before a date 20 days following the filing of this action. Defendant or Defendant's Agent sent text messages utilizing an Auto Dialer, which marketed Defendant's products and/or services.

Def.'s Resp. Pl.'s First Set Interrogs., Reqs. Admis., & Reqs. Produc. ¶¶ 13-16, at pp. 8-9. The "###" in the above passage read "40" in Request 13, "100" in Request 14, "500" in Request 15, and "1,000" in Request 16. Id. For its response to the first three of these Requests, Defendant stated "Admit except unknown if Opt It used an "Auto Dialer." Id. In its response to Request 16, Defendant simply said "Admit." Id.

On September 1, 2015, Plaintiff filed her motion for summary judgment, and relied on Defendant's response to Request 16 for support that Defendant used an ATDS when sending its text messages—an integral element in proving a TCPA violation. Once it discovered its inadvertent admission, Defendant asked the Court to allow it to correct its response to Request 16, which, it claimed, had been a scrivener's mistake. On October 29, 2015, over Plaintiff's objection, the Court allowed Defendant to amend its response to Request 16; Defendant changed the response to match that of its responses to Requests 13 through 15. Although Plaintiff claimed that the amendment would prejudice her case because she relied on the admission and did not seek discovery on that issue, Plaintiff did not subsequently move to reopen discovery.

Ultimately, Plaintiff, Defendant, and Third-Party Defendant Opt It (the software developer that created the text-messaging platform that Defendant used) all filed motions for summary judgment. The Court found that Plaintiff had produced insufficient evidence to allow a reasonable jury to find that Defendant used an ATDS, granted summary judgment to Defendant, and denied all other pending motions. Plaintiff now brings her motion for reconsideration, and argues (1) that the Court made a manifest error of law, and ignored a genuine issue of material fact, when it found that the text-messaging platform was not an ATDS, and (2) that the Court "failed to address the prejudice suffered by Plaintiff when it allowed Defendant to withdraw its admission regarding the system." Mot. Recons. 7.

"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). While Plaintiff concludes that the Court "took a position conflicting with binding authority," Mot. Recons. 3, Plaintiff does not demonstrate how the Court's construction is a wholesale disregard or misapplication of that authority. Instead, Plaintiff merely cites, out of context, the same passages that she relied on in her motion for summary judgment—the same passages that the Court considered within their context. After examining Plaintiff's proffered support in its natural habitat (i.e. in context), the Court articulated its reasons for declining to extend the authority's ruling to the facts of this case. See Op. & Order 6-10 (N.D. Ill. Feb. 4, 2016). There is no need now for repetition.

Plaintiff also maintains that there remains a question of fact regarding whether the text-messaging platform is an ATDS. Plaintiff misunderstands the burden of persuasion at the motion-for-summary-judgment stage. In its trilogy of opinions discussing the summary judgment standard, the Supreme Court held that the onus is on the non-moving party to produce admissible evidence to

2

demonstrate a genuine issue of material fact, not on the moving party to give evidence that there is no factual dispute. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986) (requiring non-moving party to produce positive evidence of an essential element of the claim to survive summary judgment); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Or, as the Seventh Circuit succinctly stated, "summary judgment is the 'put up or shut up' moment in a lawsuit." See Siegel v. Shell Oil Co., 612 F.3d 932, 937 (7th Cir. 2010). Because Plaintiff did not produce evidence that Defendant's text-messaging platform met the statutory definition of an ATDS, the Court correctly granted summary judgment to Defendant.

    Lastly, Plaintiff believes that the Court should not have allowed Defendant to amend its response to Plaintiff's request to admit, and rehashes her earlier arguments that were presented when the Court originally considered allowing Defendant to amend its response. Essentially, Plaintiff argues that allowing Defendant to amend its response would severely prejudice Plaintiff, who had relied on Defendant's apparent admission. The Court entered the Order allowing Defendant to amend its response to Request 16 on October 29, 2015. Plaintiff did not move for leave to file an interlocutory appeal of the Order, and did not ask the Court to reopen discovery on the ATDS issue. Instead, Plaintiff merely filed her motion for reconsideration on February 15, 2016, more than 100 days after the Court entered the Order. Plaintiff's motion is therefore untimely—all motions under Rule 59(e) must be filed within twenty-eight days of the entry of the relevant ruling. Even if Plaintiff's motion was timely, she has not presented to the Court any new law or new facts that would justify vacatur of the Court's Order allowing Defendant to modify its erroneous response to Plaintiff's Request to Admit No. 16.

    In sum, Plaintiff has not produced new facts or new case law that would support a modification of the Court's grant of summary judgment to Defendant. Plaintiff has not shown any manifest error in the Court's legal analysis and has not produced sufficient evidence to create a genuine issue of material fact. Moreover, Plaintiff has not supplied grounds for the Court to revoke the earlier-granted leave for Defendant to amend its response to one of Plaintiff's requests to admit. Accordingly, Plaintiff's motion is denied.

    IT IS SO ORDERED.

ENTER: *[signature]*

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 18, 2016

3