**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE STRICKLER, on behalf of herself and the class members described below, Plaintiffs, | ) Case No. 11 C 3468 |
| -vs- | ) |
| BIJORA, INC., an Illinois Corporation doing business as Akira, Defendant. | ) Chicago, Illinois<br>February 15, 2013<br>8:57 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JEFFREY COLE, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff: MS. DANA PERMINAS
Messer, Stilp & Strickler, Ltd.
166 W. Washington Street, Suite 300
Chicago, IL 60602
(312) 334-3474
E-mail: Perminas@messerstilp.com

For the Defendant: MR. JAMES KENNETH BORCIA
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 627-4000
E-mail: Jborcia@tresslerllp.com

**PLEASE NOTIFY OF INCORRECT SPEAKER IDENTIFICATION**
NOTE: FAILURE TO STAND NEAR THE MICROPHONE MAKES PORTIONS UNINTELLIGIBLE AND INAUDIBLE

Transcriber:
KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
Official Court Reporter
United States District Court
219 South Dearborn Street, Suite 2524-A
Chicago, Illinois 60604
Telephone: (312) 435-5569
Kathleen_Fennell@ilnd.uscourts.gov

(Proceedings heard in open court:)

THE CLERK: 11 C 3468, Strickler versus Bijora.

MS. PERMINAS: Good morning, your Honor. Dana Perminas on behalf of plaintiff.

MR. BORCIA: Good morning. Jim Borcia for the defendant.

THE COURT: Good morning.

Well, I have given some substantial thought to the motion to disqualify counsel. More often than not, both I think in judges' experience and in my own experience, those motions are strategic and essentially -- they're strategic, let's not go farther.

This motion is different. You'll have an opinion, but I'm going to grant the motion to disqualify. I think that the argument -- you'll see in the opinion -- the arguments that have been advanced against it I think are not compelling and indeed lead me to a conclusion that supports the discretionary exercise that I am going to engage in.

In other circuits, they're per se rules. Here it's not. Exactly what factors I'm to look at no one has really talked about, but I think when you see the opinion, you'll understand. This is not any kind of an adverse comment on anybody.

My own view, if I were writing on a clean slate, is I find it -- I think the arguments, for example, for the

conflict are sometimes I think difficult to sort of swallow, but the courts are clear. They see conflicts, especially the conflict to enhance fees.

To me, the identity of the plaintiff is quite beside the point. If the motivation is to enhance fees, it doesn't matter if it's a partner in your law firm or a stranger, it's independent, but there's all sorts of other considerations.

Now, I guess the question is there's nothing magical about Ms. Strickler. I would think you could find yourself another plaintiff, which would moot Mr. Borcia's motion, I think. And when I say find, I don't, I guess -- I use the word in its colloquial sense, but these cases take ten -- in many -- you'll see many of these cases in which the same plaintiff appears time after time in cases for the same law firm, but I think the relationship here is such that given the case law and the aversion that it has to these sorts of relationships that I just think it's an appropriate exercise of discretion.

I don't want to disqualify your law firm if I don't have to. You're in the case, you know the case, you should be in the case.

I don't think if there were a different plaintiff, Mr. Borcia, I mean, obviously depending on who it is, you would have any concerns, right? I mean, I can't see you would have --

MR. BORCIA: Well, not that concern.

THE COURT: Well, no, I understand, but I don't see any legitimate concerns you would have about them staying in the case.

Now, obviously, it's going to depend on who they get, but let me ask you sort of unofficially, you have sort of two options. You either get another plaintiff, or you can, when I come out with the opinion, you can go to Judge Norgle and say I was totally wrong, you know, what I'm doing is contrary to law.

But it's a discretionary call, and to find an exercise of discretion is wrong, the standard is extraordinarily high. It's essentially that no reasonable person could have done what I did.

So what's your sense of it? And you won't know until you see the opinion, I know.

MS. PERMINAS: Right. I know we had discussed this issue in preparation of the possible ruling this way, and we were discussing substituting the plaintiff, the class representative, not something I can say officially because we have to discuss it.

THE COURT: I don't want to issue an opinion disqualifying you and say you have an option. I would much prefer, because I just would, I would much prefer that you come in and say -- and I'll set this over.

Are you guys going on with the case? I mean, everything is progressing, right?

MS. PERMINAS: Yes.

THE COURT: Do you have a problem with them continuing in terms of -- because I'm going to be gone, Mr. Borcia, until March 11th, and I wanted to tell you this in advance because I don't want everybody laboring only to find that this delay was, you know, improper, a whole bunch of work has to be done.

MR. BORCIA: We had a deposition yesterday, so, I mean, I don't see --

THE COURT: You don't have a problem if they continue on with discovery?

MR. BORCIA: No. Until your Honor gets back? No, I have no problem.

THE COURT: Okay, good. Then I don't feel pressed. And what I'd like you to do is, you know, consider what the options are.

I just think the better course for you is to get another plaintiff. There will be no opinion that -- let me just read you what -- unless I've got it all wrong and I have no discretion and I'm just wrong to do it, but, I mean, obviously if I have an erroneous view of the law, that is a per se abuse of discretion, but leaving that aside, let me just read you one thing.

Here's one case, a Seventh Circuit case: "Abuse of discretion occurs when the Court reaches an erroneous conclusion of law" -- obviously -- "or reaches a conclusion that no evidence in the record supports as rational. An abuse of discretion occurs only when no reasonable person could take the view of the district court." And that's a case called U.S. against Re, 401 F.3d 828, Seventh Circuit, 2005.

Another one: "An abuse of discretion occurs only when no reasonable person could take the view of the district court." And that's what the cases say, and it's case after case after case.

So I want you to think about this, and let's come back on March 13th at 8:30, or what you can do in the meantime is you have leave to substitute plaintiffs if you want to do it before I get back. I appreciate, Mr. Borcia, your willingness -- my desire is to have everything proceed, to not have any claim if a new firm comes in, you know, that they came in too late, so I think that's great. And then let's see where you want to go with this.

THE COURT: Okay.

MR. BORCIA: There's one -- I mean, the only procedural issue I think, Judge, with this is because it's a class action, and, you know, this case is in a procedural nightmare right now.

Let me tell you why that is. It's because the

plaintiff and plaintiffs' counsel had a class certified by Judge Norgle. After the certification, the plaintiff amended her complaint.

THE COURT: She what?

MR. BORCIA: Amended her client.

THE COURT: Oh, okay.

MR. BORCIA: And that included to add Opt IT into the case, but it also included a different class definition than what was in the certified order.

So I'm not sure at this point in time there is a class or not because there is a certification order, but the plaintiff has amended her complaint to change the class definition.

THE COURT: But that's just a matter for you to go back and deal with Judge Norgle on.

MR. BORCIA: All I'm saying, though, is if there is a substituted plaintiff --

THE COURT: Oh, I see. I see what you're saying.

MR. BORCIA: -- that affects the certification order. So I think they would have to -- I'm not sure who would decide that, but --

THE COURT: Judge Norgle would decide that.

MR. BORCIA: So they would have to, I think, if they want to change the plaintiff, given that there's a certification order for that of plaintiff, they'd probably

have to ask him to allow that because that would change the certification issue because we would then possibly be able to challenge, you know, that new plaintiff --

THE COURT: Oh, whatever they did would not -- obviously, you've got a new person, it's like you start all over again. So, no, all those things are available.

MR. BORCIA: I'm just pointing out, given the class nature of the case, there's implications for the class if there's a new plaintiff because there's already been a class certified. If the class hadn't been certified, I think this would be an easier issue, but given that a class has been certified, I think it makes it more --

THE COURT: The question then, seems to me, is whether the plaintiff, new or old, fits the certification.

MR. BORCIA: Right.

THE COURT: If, for example, if Ms. Strickler somehow doesn't fit the class, you would go in and say she's not a proper -- she's not even a member of the class, so she's not a proper class representative, right?

MR. BORCIA: Yes.

THE COURT: So I don't think that issue is particularly significant.

I understand what you're saying. Substitution of the plaintiffs doesn't give them -- what I'm suggesting is a mechanism to deal with this because I don't want to disqualify

them. They should be able to make as much money as you. An impossibility, I know.

If they can stay in, they should stay in. I don't think anybody wants to have an opinion that says they were disqualified. Somebody looks at that, they don't even understand why and they say, oh -- you know, they can lose a million-dollar client to you of all people because somebody knows about this.

I don't want to do that. They substitute somebody, that person is not the right person, they've got to get somebody else. So long as it's an appropriate class representative and the class isn't disadvantaged, it doesn't matter who it is.

MR. BORCIA: The only thing I'm saying, I guess, is I think if they put a new plaintiff in, they're going to have to ask Judge Norgle to recertify the class based on the new plaintiff. In other words, they can't just step somebody in for her place because Judge Norgle analyzed the class as her as the representative.

THE COURT: I appreciate that, and all they'd have to do is to demonstrate to you that that person is functionally the same. They make a motion and you don't oppose it, and you don't even go to court, it gets entered.

MR. BORCIA: Right.

THE COURT: Obviously, if you think that there's

something wrong, you're going to oppose it, but that's what I would propose.

Getting rid of them isn't the way to do this. It's to eliminate the conflict, and there's two ways to do it. I think the better way, the fairer way -- how many people are in the class?

MS. PERMINAS: We don't have a specific number, but definitely through discovery now, I mean, at least, at least hundreds.

THE COURT: Hundreds.

MS. PERMINAS: Yeah, there should be at least.

THE COURT: Well, Ms. Strickler is terrific, but she's -- and may not be fungible, but no one is irreplaceable.

So let's see what you want to do. Come back on the 13th at 8:30. Is 8:30 okay?

MR. BORCIA: Yeah.

MS. PERMINAS: That will work.

THE COURT: In the meantime, figure out what you want to do. If you work it out, you know, you'll let me know and you'll let Jan know in the interim, and we'll enter whatever order is appropriate, but I agree with you.

Judge Norgle has to approve a substitute class representative. If you don't object, then we're home free. If you do object, then you'll fight it out, but there is somebody among the hundreds who can serve -- she's not the

only person on earth. Then she becomes a member of the class, that's all.

MS. PERMINAS: Okay.

THE COURT: Let me ask this, Mr. Borcia, because it's your motion, you don't have an objection to that, do you?

MR. BORCIA: Well --

THE COURT: As long as you're not disadvantaged.

MR. BORCIA: I guess --

THE COURT: Otherwise, the motion becomes --

MR. BORCIA: This gets into the merits of the case, and that is, we believe that these people who are in the class have consented to receiving these text messages, and --

THE COURT: Including the class representative.

MR. BORCIA: Well, no, because we don't know how she got into the database. And this gets complicated, but the issue is the plaintiff is claiming I never agreed to receive these things, and we're not sure to this day, and yesterday this was talked about at the deposition, how she received these messages. We don't -- we don't have any record of her in our database.

There's a third party, Opt IT, who, if you text a message, you go into their database directly, so I'm not sure how she got in there, but most of these people we believe have not -- 99 percent of them agreed, it's our position, to receive these things by -- there's a card that you fill out --

THE COURT: I know, I remember.

MR. BORCIA: -- which says by signing the card, you agree --

THE COURT: You agree.

MR. BORCIA: -- to receive, so we don't think those people could be -- even have a claim.

MS. PERMINAS: There's a -- if I interrupt you there real quick, there's a problem, though, because that's not the only card. We went through this extensively in the deposition yesterday, and there are multiple cards that don't have any kind of language like that.

And, further, the people aren't signing it, they're filling it out, and even during the deposition we revealed that sometimes the Akira employees filled out the cards on behalf of these --

THE COURT: I remember.

MS. PERMINAS: -- people, it was possible, so that that wouldn't be an issue.

THE COURT: Those are just things you work out in the case. I mean --

MR. BORCIA: I understand, but what I'm saying, though, is --

THE COURT: Ms. Strickler is not an appropriate class representative then because maybe she's just so uniquely different because you don't even know how she's in the

database. I don't know.

All I'm saying is I would like if the shoe was on the other foot, I think you would like to have this worked out this way. I just don't want to hurt anybody, disadvantage anybody needlessly.

On the other hand, I don't want you to be disadvantaged; but if Ms. Strickler is gone, gone in the sense that she's not -- she's still in the class, so you don't get rid of Ms. Strickler, you deal with Ms. Strickler however you deal with her, but there's got to be somebody to be an appropriate class representative.

Had they looked at this issue and decided out of an abundance of caution not to go forward, they would have had somebody else. Ms. Strickler is perfect. She's easy, she's convenient, she's knowledgeable, all sorts of reasons why she's an appropriate class representative, but there's all these cases that frown on all of this.

Now, sort of between us, I didn't find persuasive the notion that Judge Norgle had somehow bought into this; when he certified the class, he knew. There's no way he knew. And the idea that there was notice because somebody's name was on a letterhead, I don't -- I never read letterheads.

So, any way, there's lots of reasons that lead me to the conclusion that I've come to which I think justify an exercise of discretion. I like the idea of doing it the way I

suggested. So let's see if you can work this out together. That's the best way. Let them stay in the case. There's no, you know, stigma that somebody is going to understand, and they continue to make money. What could be better than that? Poor Ms. Strickler, she loses her identity, and she's still a fungible member of a big class or a small class.

All right. I'll see you all on the 13th.

MR. BORCIA: Thank you. Have a nice vacation.

THE COURT: Yes. Thank you. How are you doing, Mr. Borcia?

MR. BORCIA: Hanging in there.

THE COURT: All right. Good.

(Which were all the proceedings heard.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the digital recording of proceedings in the above-entitled matter to the best of my ability, given the limitations of using a digital-recording system.

*/s/Kathleen M. Fennell* *April 15, 2016*

Kathleen M. Fennell Date
Official Court Reporter