

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE BLOW, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BIJORA, INC., doing business as AKIRA, an Illinois Corporation,<br><br>    Defendant. | Civil Action No. 11 CV 3468<br><br>Hon. Charles R. Norgle |

## ORDER

Akira's Motion for Sanctions Relating to Plaintiff's Motion for Reconsideration [423] is denied.

## STATEMENT

    Before the Court is Defendant Bijora's ("Defendant") motion seeking sanctions against Plaintiff Nicole Blow ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 11, for her filing of a motion for reconsideration after the Court awarded summary judgment against her on February 4, 2016. Rule 11 prescribes sanctions against a litigant if, *inter alia*, he or she presents a filing for an "improper purpose." See Fed. R. Civ. P. 11(b)(1). Defendant bases its motion on the notion that Plaintiff's request for reconsideration did not fall within one of the acceptable reasons for seeking reconsideration. But "[a] court should not impose sanctions on a party that loses an argument, as long as the argument was not entirely groundless." Philos Techs., Inc. v. Philos & D, Inc., 802 F.3d 905, 916 (7th Cir. 2015). The Court finds that while unsuccessful, Plaintiff's motion for reconsideration was not entirely groundless; she believed in good faith, albeit incorrectly, that the Court misunderstood her argument. See Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) ("A motion for reconsideration performs a valuable function where 'the Court has patently misunderstood a party.'"). Because Plaintiff's motion was not entirely groundless, sanctions are inappropriate. Accordingly, Defendant's motion for sanctions is denied.
    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 10, 2016