IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE BLOW, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BIJORA, INC., doing business as AKIRA, an Illinois Corporation,<br><br>    Defendants.<br>BIJORA, INC., doing business as AKIRA, an Illinois Corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>OPT IT, INC., an Illinois Corporation,<br><br>    Third-Party Defendant. | Civil Action No. 11 CV 3468<br><br>Hon. Charles R. Norgle |

## ORDER

Plaintiff's Rule 54(d)(1) Motion to Review Clerk's Taxing of Costs [438] is granted in part and denied in part. The Court taxes costs on Plaintiff in the amount of $1,113.80, payable to Defendant Bijora, Inc., no later than June 10, 2016.

## STATEMENT

    Plaintiff Nicole Blow ("Plaintiff") sued Defendant Bijora, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On February 4, 2016, the Court granted summary judgment in favor of Defendant. Before the Court is Plaintiff's motion to review the Clerk's taxation of Defendant's costs against her, pursuant to Federal Rule of Civil Procedure 54(d)(1). For the following reasons, Plaintiff's motion is granted in part and denied in part.
    Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party in litigation to recover certain costs against the losing party; the Rule provides that while the Clerk taxes costs as a ministerial function, "the Court may review the clerk's action." Fed. R. Civ. P. 54(d)(1); see also Myrick v. WellPoint, Inc., 764 F.3d 662, 666 (7th Cir. 2014) ("[Rule] 54(d)(1) creates a

presumption in favor of awarding costs to the prevailing party."). In the course of litigation,[1] Defendant took depositions from Plaintiff, Sarah Sands ("Sands"), and Brad Stafford ("Stafford"). While Plaintiff and Stafford's deposition-transcript productions were routine, Defendant was required to obtain Sands' transcript on an expedited basis in order to file a surresponse to Plaintiff's motion to recertify the class. See Order, ECF No. 238 (Nov. 4, 2013) (granting extension of time to allow Defendant to obtain deposition that will be incorporated into surresponse).

Within the transcript category of the subsequent bill of costs, Defendant listed fees for three witnesses. Defendant sought $320.29 for Plaintiff's deposition, which was comprised of $125.00 for the reporter's fee, $175.95 (51 pages at $3.45/page) for the transcript, and $19.34 in net handling and delivery fees (after an applied discount). In addition, Defendant sought $466.86 for Sands's deposition, which was comprised of $128.76 for the reporter's fee, $330.60 (87 pages at $3.80/page) for the transcript, and $7.50 for handling expenses. Also, Defendant sought $127.50 for Stafford's deposition, which was comprised solely of the reporter's fee.

Aside from the depositions, Defendant was ordered to produce more than 40,000 customer cards that formed a critical body of documentary evidence for the case; the parties were also ordered to share the costs of production. See Order, ECF No. 100 (May 15, 2012) ("Reproduction of the customer cards will be done by counsel for defendant . . . . The parties are to work out the costs of copying the cards."). After negotiations between the parties, Plaintiff agreed to pay $6,097.00 to Defendant for its costs of production. When Defendant filed the ensuing bill of costs, it listed, *inter alia*, expenses of $6,104.40 for copying and producing 40,696 customer cards. Defendant also listed $745.65 for "[p]rinting of courtesy and file copies of pleadings (4,971 pages @ .15)." Akira's Mem. Supp. Bill Costs 3, ECF No. 429 [hereinafter "Mem. Costs"]. Specifically, Defendant was seeking costs

> for copies sent to the Court and for AKIRA's file that had to be printed due to the requirement on PACER to charge those who want to review documents electronically filed and the obvious necessity to review documents that were previously filed for purposes of future filings, which was demonstrated by the fact from AKIRA's filings that the docket entries were extensively cited by and used by AKIRA in this case (ECF 436 at 3).

Akira's Resp. Pl.'s R. 54(d)(1) Mot. Review Clerk's Taxing Costs 4, ECF No. 441.

After the Court awarded judgment, Defendant filed its bill of costs on March 4, 2016. Plaintiff thereafter filed her objection to Defendant's bill, and Defendant filed its reply on March 8 and 10, 2016, respectively. On March 10, 2016, the Clerk taxed costs of $8,034.55 against Plaintiff. Specifically, the Clerk awarded $914.65 for transcript fees and $7,119.90 in copying fees. On March 14, 2016, Plaintiff filed this motion to review the Clerk's taxation of costs, which has been fully briefed and is now before the Court.

Plaintiff bases her motion for review on two line-item categories. First, she objects to having to pay costs for deposition expenses because the fees were higher than those allowed by local rule. In addition, she objects to the increased fee for Sands's rushed transcript because Defendant did not substantiate the need for a rushed transcript.

28 U.S.C. § 1920 allows the Clerk to tax, *inter alia*, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and

---

[1] The Court has recited the substantive facts of the case in its earlier February 4, 2016 Order granting summary judgment in favor of Defendant, and only repeats those facts about the costs of this case that are relevant to the pending motion. See Order, ECF No. 411.

2

the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(2), (4). For depositions, only the actual transcript costs may be taxed, "[a]dditional costs for disks, minuscripts, word indexes, extra copies, or delivery/shipping charges are not generally recoverable." See Telular Corp. v. Mentor Graphics Corp., 2006 WL 1722375, *3 (N.D. Ill. June 16, 2006). To the extent that the costs reflect fees for depositions, the Court, by Local Rule, has also mandated that the fees may not exceed the tariffs listed on the Court's website. See N.D. Ill. L.R. 54.1(b). In General Order 12-0003, the Court prescribed reporters' appearance fees at $110 for up to four hours and $220 for an appearance of up to eight hours. In addition (as relevant here), the Order set per-page tariffs at $3.65/page for ordinary transcripts (i.e. available in 30 days), and $4.85/page for expedited transcripts (i.e. available in seven days).

Here, each of Defendant's three deponents sat for less than four hours; the maximum reporter's fee is thus $110 per deponent. The fee for Plaintiff's deposition was for $125, $15 over the limit. The fee for Sands' deposition was for $128.76, $18.76 over the limit. And the fee for Bradford's deposition was $127.50, $17.50 over the limit. Accordingly, the Court reduces the reporters' appearance fees by $51.26, and taxes costs for reporter-appearance-fee category in the amount of $330.

Plaintiff also challenges Sands' per-page fees, stating that Defendant did not substantiate the need for rushing her transcript (and incurring higher transcript fees). In this case, Defendant needed Sands' deposition in order to file a surreply to Plaintiff's motion to recertify the class. In order to meet the Court's deadline, Defendant was required to pay the reporter to rush the transcript in two days. Defendant billed $3.80 per page of transcript, well below the seven-day tariff of $4.85 per page. Accordingly, the Court confirms the bill as it relates to per-page deposition fees.

Plaintiff argues further that she should not be taxed copying, handling, and other miscellaneous transcript fees, as they do not pertain to the preparation of the transcript itself, and fall outside of the allowable costs. The Court agrees, and reduces the costs by $26.84—the amount of additional fees imposed on Plaintiff's and Sands's deposition. As the costs relate to Defendant's depositions, the Court reduces the costs by $78.10 ($51.26 + $26.84), and taxes fees for depositions against Plaintiff in the amount of $836.55.

For Plaintiff's second objection, she objects to having to pay some of the listed copying costs for the 40,696 customer cards because she already paid Defendant for the cost of production and a successive tax would amount to a double-recovery. Further, Plaintiff argues that she should not have to pay for printing the courtesy and file copies of docket entries.

Although Defendant concedes that Plaintiff has already paid $6,097, it argues that this amount was for scanning the cards, not for copying them. Defendant's posture is preposterous. In 2013, and pursuant to court order, Plaintiff was required to "work out the costs of copying the cards" with Defendant. See Order, ECF. 100. In contemplation of the costs of producing the customer cards, the parties reached an agreement that Plaintiff would pay $6,097 toward the costs of production. The Court has reviewed the parties' supporting exhibits and finds that, throughout their negotiations, the parties never contemplated that the money was only for scanning the cards. In every instance, the parties' language evidences their intent that the money paid was to compensate Defendant for the entire cost of production. Therefore, the Court offsets the costs taxed on Plaintiff by the amount she has already paid to Defendant—$6,097.00—and taxes fees relating to producing the customer cards against Plaintiff in the remainder amount of $7.40.

Plaintiff's final challenge to Defendant's bill of costs relates to printing one copy of each docket entry on PACER, for a total of 4,971 pages, or $745.65 at 15¢ per page. In support of its bill of costs, Defendant attached PACER's docket report, and noted the number of pages in each docket entry. Defendant then added the number of pages, and multiplied by 0.15 to arrive at its cost figure. In essence, Defendant is seeking reimbursement not for the Court's courtesy copies, but for its own file copies. Defendant's position is belied by PACER's fee schedule, which specifies that "[p]arties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer." Public Access to Court Electronic Records, Electronic Public Access Fee Schedule 2, available at: https://www.pacer.gov/documents/epa_feesched.pdf (Dec. 1, 2013). Defendant, in essence, is attempting to recover fees for which it received an automatic exemption. The Court declines to tax costs on Plaintiff that Defendant did not incur. Accordingly, the Court reduces the copying costs by $745.65. In total, the Court assesses copying fees on Plaintiff in the amount of $277.25.

In conclusion, the Court grants Plaintiff's motion in part and denies it in part. The Court taxes costs on Plaintiff in the following manner: For deposition fees, the Court imposes costs on Plaintiff in the amount of $836.55. For copying fees, the Court imposes costs on Plaintiff in the amount of $277.25. In total, Defendant is awarded costs of $1,113.80 to be paid by Plaintiff on or before June 10, 2016.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 9, 2016